JACKSON S. CARPENTER, Respondent, *v.* OSCAR M. SOULE, as Executor, etc., Appellant.

Where a father holding a bond and mortgage executed by his son, with the intention of giving to the latter a portion of the mortgage debt and without any undue influence, fraud or duress, executed and delivered to him a receipt therefor, containing a provision that the sum stated should be indorsed on the mortgage, *held*, that this was a valid completed gift which operated to extinguish so much of the debt; that the agreement to indorse did not make it a mere executory promise, and neither the promise nor its performance were essential to the gift.

In an action by the son, after the death of the father, against the executors to compel a cancellation of the mortgage, S., who was not a party to the action, but was a special and residuary legatee, was called as a witness for plaintiff to prove the declarations of the deceased. This evidence was objected to; objection overruled; *held* no error; that it was not within the prohibition of the Code of Civil Procedure (§ 829), as the witness was not testifying in her "own behalf or interest;" as specific legatee she was totally unaffected, and as residuary legatee, her interest was against the validity of the gift which her evidence tended to establish.

(Argued February 9, 1882; decided February 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 20, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to have it adjudged that a bond and mortgage executed by plaintiff to Azel Carpenter, plaintiff's testator, was paid and satisfied, and to compel a cancellation thereof, and a discharge of the mortgage of record.

The court found the following facts:

"That on June 3, 1873, the plaintiff executed to Azel Carpenter the bond and mortgage described in the complaint herein. That on the 20th day of January, 1876, said Azel Carpenter, with the intention thereby to give this plaintiff $2,000 to apply on said bond and mortgage, executed and delivered to said plaintiff an instrument in writing, of which the following is a copy:

"Received of J. S. Carpenter, of Norway, Herkimer county, New York, two thousand dollars, to apply on a bond and mortgage I hold against him, the same to be indorsed on said mortgage.

Dated MILFORD, *January* 20, 1876.

By order of AZEL CARPENTER.
Per J. S. CARPENTER.

"That the said receipt was executed and delivered by the deceased to the plaintiff at the time it bears date, and was done voluntarily and of his own free will, without any undue influ-

ence, fraud, deception or duress being exercised or practiced upon him by the plaintiff or any other, and that he was at the time entirely competent, both mentally and physically, to make a valid disposition of his property.

· "That the said receipt was executed and delivered by the deceased to the plaintiff, for the purpose and with the intention of making a gift of $2,000 of the amount unpaid on the said bond and mortgage to the plaintiff, and for the purpose and with the intention of extinguishing, releasing and discharging the said plaintiff from $2,000 of his liabilities on the said bond and mortgage, and was received and accepted by the plaintiff, with the same understanding. That after the said $2,000 was given to the plaintiff, and the bond and mortgage discharged and satisfied to that extent, there was still a large amount left unpaid upon the bond and mortgage; and, therefore, the bond and mortgage could not be delivered up to the plaintiff at the time of giving the receipt. That the $2,000 mentioned in the receipt has never been actually indorsed upon the said bond and mortgage."

Also that after the death of said Azel Carpenter, plaintiff paid to defendant, as executor, the balance remaining unpaid on said bond and mortgage, after taking out the said $2,000 as of the date of the receipt, and thereupon demanded satisfaction of said bond and mortgage, which defendant refused to execute.

*L. L. Bundy* for appellant. The legal presumption is against the validity of the transaction between plaintiff and his father, and the *onus* is upon plaintiff to show that all was fair, and that his father acted freely and understandingly. (*Brock* v. *Barnes*, 40 Barb. 521, 528, 530; *Sears* v. *Shaffer*, 6 N. Y. 268; *Howell* v. *Ransom*, 11 Paige, 538; *Comstock* v. *Comstock*, 57 Barb. 453; *Burling* v. *King*, 46 How. 452, 453; *Ford* v. *Harrington*, 16 N. Y. 285; *Nesbit* v. *Lockman*, 34 id. 167; Story's Eq. Juris., §§ 307, 309–315; *Ross* v. *Ross*, 6 Hun, 80, 82–84; *Mason* v. *Ring*, 2 Abb. Pr. [N. S.] 322; *Evans* v. *Ellis*, 5 Denio, 640.) The receipt was never, in fact, executed. (*Ross* v. *Ross*, 6 Hun, 80, 82, 83.) The mutual

consent and concurrence of both parties are essential to a valid gift, and there must be a complete renunciation of right over the thing given, without power of revocation. (*Mims* v. *Ross*, 42 Ga. 121; *Hanson* v. *Millett*, 52 Me. 184; *Bond* v. *Bunting*, 78 Penn. St. 210.) There must be a positive change of possession in order to constitute a valid gift, *inter vivos*, and there must be something tangible to give. (*Little* v. *Willets*, 55 Barb. 125; *Matter of Ward*, 51 How. 216; *Curry* v. *Powers*, 70 N. Y. 212, 216; *Young* v. *Young*, 80 id. 422, 430, 431, 437; *Cutting* v. *Gilman*, 41 N. H. 147, 153; *Craig* v. *Craig*, 3 Barb. Ch. 78, 116–118; *Fink* v. *Cox*, 18 Johns. 145; *Parsons* v. *Parsons*, 7 id. 26; *Harris* v. *Clark*, 3 N. Y. 93; *Ryan* v. *Ward*, 48 id. 204, 206; *Wilson* v. *Carpenter*, 17 Miss. 512; *Johnson* v. *Spies*, 5 Hun, 468, 471; *Parish* v. *Stone*, 15 Pick. 198; *Fish* v. *Nutting*, 47 Barb. 370; *Irons* v. *Smallpiece*, 2 B. & A. 551; *Carpenter* v. *Dodge*, 20 Vt. 585; *Pope* v. *Dodson*, 58 Ill. 360; *Johnson* v. *Stevens*, 22 La. Ann. 144; *Brink* v. *Gould*, 7 Lans. 425; *Wilson* v. *Carpenter*, 17 Wis. 512; *Doty* v. *Wilson*, 47 N. Y. 580, 585; *Walter* v. *Hodge*, 2 Swanst. 97.) This bond and mortgage being under seal, to effect a payment or discharge by a receipt or release, especially where there is no consideration for it, it should also be under seal. (*Seymour* v. *Minturn*, 17 Johns. 268; *Dewey* v. *Derby*, 20 id. 262; *Farmers' B'k* v. *Blair*, 44 Barb. 461; *Minturn* v. *Seymour*, 4 Johns. Ch. 497; 48 N. Y. 206.) Anna Stevens, being a legatee of the will of her father, her evidence was not admissible under section 829 of the Code. (*Clark* v. *Stewart*, 8 Hun, 127; *Gifford* v. *Sackett*, 15 id. 79, 80; *Church* v. *Howard*, 79 N. Y. 415, 420; *Whitehead* v. *Smith*, 7 Weekly Digest, 198; *Schoonmaker* v. *Woolford*, 20 Hun. 166, 167.)

*C. J. Palmer* for respondent. There is no presumption of inequality either way from the relation of father and son. The question of inequality as to parties so situated and related is one of fact; which fact must be ascertained before any presumption of fraudulent dealing can be indulged. (*Cowen* v. *Cornell*, 75 N. Y. 101.) The execution and delivery of the receipt to

plaintiff, accompanied by the acts and declarations of Azel Carpenter, constituted a valid gift of $2,000 of the moneys remaining unpaid on the bond and mortgage on the 20th day of January, 1876. (*Gray* v. *Barton*, 55 N. Y. 68; *Ferry* v. *Stephens*, 66 id. 321; *Westerloo* v. *Dewitt*, 36 id. 340.) The delivery was sufficient. (*Gray* v. *Barton*, 55 N. Y. 68; *Ferry* v. *Stephens*, 66 id. 321; 2 Kent's Com. [12th ed.] 439; *Van Deusen* v. *Rowley*, 8 N. Y. 360; *Johnson* v. *Spies*, 5 Hun, 470.) If necessary the law will construe the receipt as an assignment of $2,000 of the bond to plaintiff. (*Gray* v. *Barton*, 55 N. Y. 73.) The declaration of Azel Carpenter is proper as, to what he intended. (*Doty* v. *Wilson*, 47 N. Y. 580.) The indorsement of the amount of $2,000 upon the mortgage would not, of itself, effect a gift. (*Gray* v. *Barton*, 55 N. Y. 73.) The cancellation of the mortgage is no part of the proceeding necessary to complete the gift. (*Ferry* v. *Stephens*, 66 N. Y. 325.) As the receipt may be construed to be an assignment of $2,000 of the debt, a trust was created, making Azel Carpenter trustee for plaintiff of the $2,000 in the bond and mortgage thus assigned to plaintiff. The fact of the creation of the trust may be drawn from circumstances and declarations of the party creating the trust. It may be created by parol. (*Gray* v. *Barton*, 55 N. Y. 73; *Martin* v. *Funk*, 75 id. 134.) The objection to the evidence of Anna Stevens, on the ground that she was a legatee in the will of Azel Carpenter, etc., is without merit, she not being a party to this action and not having been sworn in her own behalf. (Code of Civil Procedure, § 829.)

FINCH, J. The receipt for $2,000 to apply on the bond and mortgage held by the father against the son is found by the trial court to have been executed and delivered by the mortgagee at its date, voluntarily and of his own free will, without any undue influence, fraud or duress, and when he was entirely competent, both mentally and physically, to make a valid disposition of his property, and was executed and delivered for the purpose, and with the intention of making a gift of so

much of the mortgage debt to the plaintiff, and extinguishing to that extent his liability. The evidence in the case was sufficient to sustain these findings. To some extent it furnished room for debate. The relative ages and situation of the parties, the circumstances attending the transaction, the health and capacity of the father, the drawing of the receipt by the alleged donee, and the directions given and purposes declared, were all before the trial court, were duly considered, and the inferences of fact drawn cannot be here reviewed. Even if, as is now claimed, the gift was presumptively fraudulent, by reason of the bare relation of parent and child, the finding of the trial court shows that the presumption was met and overcome. The question was raised, and raised only on the motion for a nonsuit. The defendant moved upon the ground that the transaction being between two persons occupying the confidential relations of father and son, and considering the age and infirm health of the father, sufficient evidence had not been given to show that the gift was obtained without any undue influence, or that it was a voluntary act. The court acceded to the law involved in this proposition; held that the contract was to be regarded with suspicion, and not to be upheld unless accompanied by evidence showing its fairness; but then decided that such evidence had been given, that there was no influence shown to have been exercised in procuring the gift, and the transaction as detailed showed entire fairness and satisfied the law in that respect. The defendant, therefore, had upon the trial the full benefit of the presumption which he now presses upon us, and a greater advantage than was strictly his due, for we have held that the mere relation of father and son does not *per se* create a presumption of fraud or undue influence in a mutual dealing, but may do so when connected with other facts showing inequality or controlling influence. (*Cowee* v. *Cornell*, 75 N. Y. 101.) We must assume, therefore, as true the finding upon the facts that there was neither fraud nor undue influence exercised in procuring the receipt, and that it rested upon no error of law of which the defendant can complain.

It is insisted, however, that the delivery of the receipt con-

stituted no valid gift, because it was a mere executory promise without consideration to indorse $2,000 on the mortgage. We think it was much more than that, and amounted to a present gift instead of a mere promise to give. (*Champney* v. *Blanchard*, 39 N. Y. 111; *Gray* v. *Barton*, 55 id. 68; *Ferry* v. *Stephens*, 66 id. 321.)    Although the receipt contained a provision that the sum given was to be indorsed on the mortgage, neither that promise nor its performance were essential to the gift of so much of the debt.    If there had been no gift manifested or intended outside of that promise, a different case would have been presented and given room for the defendant's contention.    But as an actual payment at once extinguishes the debt whether promised to be indorsed, or in fact indorsed or not, so an actual present gift of the whole, or a part of a debt, operates at once to extinguish it completely or *pro tanto*, whether indorsed upon the instrument which is the evidence of the debt or not.    The question comes back to the inquiry, whether there was such actual gift both intended and executed. That fact is found and rests upon sufficient evidence.    There must be a delivery of the gift, the donor must part with his dominion over it, it must not rest in a mere promise.    But the character of the gift dictates the manner of its delivery.    Here a receipt for so much of the mortgage debt was executed and delivered with the intention of giving it to the mortgagor.    The mortgage itself was not delivered because not wholly discharged, and the gift was executed by the delivery of the receipt which operated to cancel and discharge so much of the debt.

An objection was taken to the admission of the testimony of Anna Stevens founded upon section 829 of the Code.    She was not a party to the action, but was claimed to be both a specific and residuary legatee under the will of her father, and so interested in the event of the action, and testifying in her own behalf and interest.    The Code, as it now stands, has modified section 399 of its predecessor, by inserting the words "in his own behalf or interest, or in behalf of the party succeeding to his title or interest."    As thus amended the witness did not fall within the prohibition.    As specific legatee she was

totally unaffected by the result of the pending litigation, and as residuary legatee, her plain and direct interest was against the validity of the gift which her evidence tended to establish. She testified not in her own behalf or in her own interest, but against it, and for that reason her testimony was properly admitted.

We think no error was committed in the disposition of the case, and the judgment should be affirmed, with costs.

All concur, except MILLER and TRACY, JJ., not voting.

Judgment affirmed.