JAMES F. CONVERSE, RESPONDENT, v. CELESTINE E. COOK, AS EXECUTRIX, ETC., APPELLANT.

*Evidence — when the holder of a note does not derive his title or interest thereto from the person who delivers it to him — Code of Civil Procedure, sec. 829 — An accommodation indorser cannot require the holder to collect the note from the maker.*

This action was brought upon a promissory note indorsed by the defendant's testator for the accommodation of the maker, one Littlefield, who delivered it to the plaintiff for money loaned. Upon the trial Littlefield was called by the plaintiff and allowed to testify as to admissions of the deceased, which tended to show that he had been properly charged as an indorser of the note. The defendant's counsel objected to the testimony as inadmissible, under section 829 of the Code of Civil Procedure, on the ground that the plaintiff derived his title and interest to the note from the witness, and that the witness was interested in the event of the action.

*Held*, that the objections were properly overruled.

An accommodation indorser is not discharged by the failure of the holder to take steps to enforce payment of the note from the maker, after he has been requested so to do. The indorser is not a surety, in such a sense, as that he can avail himself of this defense.

APPEAL from a judgment, entered on a verdict rendered at the Jefferson Circuit, and from an order denying the defendant's motion for a new trial and allowing the plaintiff costs against the defendant as executrix and against the estate of her testator.

*F. N. Fitch*, for the appellant.

*Levi H. Brown*, for the respondent.

SMITH, P. J.:

The action is upon a promissory note made by Harvey D. Little field, payable to the order of, and indorsed by, the defendant's testator, Malcomb G. Cook. The note was indorsed by Cook for the accommodation of Littlefield, and the latter delivered it to the plaintiff for money loaned.

The question whether the indorser was duly served with notice of demand and non-payment, was litigated at the trial, and was decided by the jury adversely to the defendant, upon evidence which, although conflicting, was sufficient to warrant the verdict.

The principal witness for the plaintiff upon the point above

stated was the maker Littlefield, who testified to certain admissions made to him by the testator, and whose testimony in that respect was received against the defendant's objection that it was incompetent under section 829 of the Code of Civil Procedure. The grounds of the objection, as stated at the trial, were that the plaintiff derived his title and interest in the note in suit from the witness, and that the witness was interested in the event of the action.

We do not think it can be said that the plaintiff derived title to the note from Littlefield, within the meaning of section 829. The statute has reference to a *transfer* of title or interest, by assignment or otherwise. It is true the note in suit was delivered by Littlefield to the plaintiff, but until such delivery it had no inception, and was of no value as a legal instrument. As Cook was a mere accommodation indorser, Littlefield could not have enforced it against him. The appellant's counsel suggested that if the note had been stolen from Littlefield before delivery, the offense would have been larceny; but he cited no authority. If that position were correct, it would not be decisive of the present question, for it may be that the felonious taking of an instrument, *negotiable* in form, which lacks only delivery to give it validity and legal value, may constitute larceny, although, while in the hands of the party who signed it, it lacks validity. Thus in *The People* v. *Wiley* (3 Hill, 194), it was held by the Supreme Court, in 1842, that bank bills, completed in form, but not issued, are the *property* of the bank; and may be so treated in criminal proceedings for receiving them with knowledge of their having been stolen. But in the later case of *The People* v. *Loomis* (4 Den., 380), the same court held that stealing a receipt from the hands of the party whose act it is, it never having taken effect by delivery, it is not larceny. BEARDSLEY, J., speaking for the court said: "No writing which is fictitious, whatever may be its form, or which, although genuine in signature, has not been made effective by being issued or delivered as a valid paper, can be the subject of larceny under our law." (P. 384.) The two cases may be reconciled by the fact that in one the instrument was of such a nature that it would pass by delivery from hand to hand, and in the other it was not. But however that may be, and whether or not the note in Littlefield's hands was *property*, within the meaning of the statute against larceny (2 R. S., 679, § 66), which points we do not intend

to decide, it seems clear to us that the act of delivery of a promissory note by the maker to the holder, creating the relation of debtor and creditor between them, involves no such succession of title or interest as is contemplated by section 829. The appellant's counsel cites the case of *Richardson* v. *Warner* (13 Hun, 13). That case is distinguishable from this by the fact that there the witness Ayer was the person " from or through " whom the plaintiff derived title, the note having been a valid obligation in his hands against the maker. True, it was made payable to his order and for his accommodation, but it had its inception when it was delivered to him by the maker, and an indorsement by him without recourse would have passed the title.

Littlefield, although not a party to the suit, was interested in the event, within the decision of the Court of Appeals in *Church* v. *Howard* (79 N. Y. 415). His interest was to protect his indorser and so prevent any ultimate claim against himself. But he was examined, not in his " own behalf or interest," but to establish the liability of the indorser, and such was the effect of his testimony. For that reason his testimony is not within the letter or the spirit of section 829. (*Allis* v. *Stafford*, 14 Hun, 418 ; *Ely* v. *Clute*, 19 id., 35 ; *Hill* v. *Alvord*, Id., 77 ; *Hill* v. *Hotchkin*, 23 id., 414 ; *Smith* v. *Meaghan*, 28 id., 423 ; *Brown* v. *Brown*, 29 id., 498 ; *Carpenter* v. *Soule*, 88 N. Y., 251.)

The appellant complains that she was not permitted to prove the defense set up in her answer that her testator, if liable as indorser, was discharged by the neglect of the plaintiff to collect the note of Littlefield as demanded by Cook, when the maker was solvent, he having since become insolvent. On a former appeal in this case, we held that an indorser, although an accommodation indorser, is not a surety in such a sense as that he can avail himself of the defense above stated. That he is bound by his contract, which in this case had become absolute, to pay on the default of the maker, and cannot require the holder to sue the maker. (*Converse* v. *Cook*, 25 Hun, 44.) We adhere to that ruling. The decision of the judge at Special Term upon the question of costs is warranted by the evidence presented to him in the motion papers, and we see no reason to interfere with the exercise of his discretion on that subject.

The judgment and order should be affirmed, with costs of the appeal against the appellant as executrix, and the estate of her testator.

HARDIN and BARKER, JJ., concurred.

So ordered.