## PINK v. CHURCH.

*(Supreme Court, General Term, Second Department.  May 11, 1891.)*

GIFTS—CONSTRUCTIVE DELIVERY.
  A gift of the key of a safe-deposit vault containing securities to the plaintiff by an intestate in his life-time, telling him where they were deposited, and declaring his intention to give him the bonds, constituted a valid gift and delivery.

Appeal from circuit court, Dutchess county.

Action by Stewart H. Pink against William S. Church, administrator of Henry H. Stewart, deceased, to recover ten $1,000 bonds of the Union Pacific Railroad Company, which the plaintiff alleged were given to him by said intestate, but taken possession of by the defendant, as a part of said intestate's estate. The complaint alleged that said intestate lived with complainant's people at the time of his death; that he was a bachelor; that plaintiff had lived with him from his boyhood till 28 years of age, performing household and other offices for the intestate, who was 70 years old at his death; and that about a year before his death said intestate gave the key of a safe vault containing said bonds to plaintiff, stating to him that he had placed said securities to the amount of $10,000 therein, which he wanted plaintiff to have in payment for the care and services rendered him by the plaintiff for many years previous to his death; that thereupon he accepted said key and said bonds in payment for his services as aforesaid; and that, when an inventory of the estate was made, the defendant took said bonds from the safe-deposit vault, and refused to deliver them to plaintiff, but inventoried them as property of the estate. The evidence showed that plaintiff had been brought up as intestate's son. There was a judgment for the plaintiff, and the defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*Allison Butts*, (*H. A. Nelson*, of counsel,) for appellant. *Stephen G. Guernsey*, for respondent.

PRATT, J. The proof is decisive that the deceased regarded plaintiff as his son, had brought him up as such, intended to provide for his future as for that of a son, and had put aside the bonds in suit as such a provision for him. The only question is whether he succeeded in so putting his intentions into acts that the law can carry them into effect. An examination of the testimony shows that he informed the plaintiff of his intention to give him the bonds, told him where they were deposited, and gave him the key by which to gain possession of them. The jury were charged that if the key was given with intent to transfer a present title to the bonds, it effected the purpose. There can be no question of the correctness of the law thus laid down. There are no questions that require discussion, and the verdict is fully sustained by the testimony. Judgment affirmed, with costs.