## KILLIAN v. HEINZERLING.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

WITNESSES—COMPETENCY—ACTION AGAINST ADMINISTRATRIX—COMPETENCY OF
    ADVERSE PARTY—WAIVER OF OBJECTION.

In an action against an administratrix for specific performance of an
alleged verbal contract, plaintiff claimed that defendant's intestate agreed
to give her a certain lease, together with the good will of the business
carried on on the leased premises, and the merchandise used therein,
and a certain number of bonds, and that the portion of the agreement
relating to the bonds had been performed. Before this suit the ad-
ministratrix had commenced a proceeding in the Surrogate's Court, under
Code Civ. Proc. 2709, to require plaintiff to make a discovery as to assets
of the estate in her possession. This section, as amended in 1903 (Laws
1903. p. 1195, c. 526), provides that, if a witness is examined in such pro-
ceedings concerning any personal communication or transaction between
himself and decedent. all objection under section 829 to his testimony as to
the same in future litigation is waived. In the discovery proceedings plain-
tiff was required to testify for the administratrix that she knew that de-
ceased had a certain safe deposit box, which contained bonds of the number
and value which plaintiff claimed deceased had agreed to give to her, and
that she had the key to the box. On further examination by the surrogate,
plaintiff testified that deceased gave the bonds to her on the day he hired
the box, and then turned over the keys to her. *Held*, that this examina-
tion though conducted by the surrogate, and not by counsel for the ad-
minstratrix, entitled plaintiff to testify in the suit for specific perform-
ance of the alleged agreement to transactions between herself and de-
ceased, involving the gift of the bonds, but not as to other portions of the
alleged agreement.

Appeal from Special Term, New York County.

Action by Agnes E. Killian against Katherine E. Heinzerling, as
administratrix of the estate of John Schellhase, deceased. From a
judgment for defendant (95 N. Y. Supp. 969), plaintiff appeals. Re-
versed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, LAUGHLIN, and CLARKE, JJ.

Edward Miehling, for appellant.
John E. Donnelly, for respondent.

PATTERSON, J. This action is, in effect, one for the specific per-
formance of a verbal contract which the plaintiff alleges was made
between herself and one John Schellhase, since deceased, but in it is
involved also the right of the plaintiff to property which she claims
was given to her by Schellhase. The complaint contains the following
allegations. That the decedent in his lifetime was the owner of a
lease of premises in Fourth avenue in the city of New York, and of the
good will of a business which he conducted on said premises, and of
certain enumerated articles of merchandise of the value of $7,000;
that from the month of April, 1898, until the death of Schellhase in
April, 1904, the plaintiff was the superintendent and manager of his
business; that in the month of March, 1904, plaintiff notified him that
she was unwilling to continue in his employment on account of the
condition of her health; "that the said John Schellhase thereupon, in

consideration of the long, faithful, and valuable services rendered by the plaintiff, and in further consideration of the agreement of this plaintiff to continue in business with the said John Schellhase for a further term of one year, at which time the said John Schellhase would retire from business, or up to the time of his death, if that should occur sooner, to give, grant, and convey to said plaintiff the said lease, business, goods, merchandise, and chattels, and a sum of money sufficient to carry on the business; that thereupon this plaintiff accepted said offer, and remained in the business of said John Schellhase up to the time of his death, in April, 1904; that the said John Schellhase, in pursuance of such agreement, did give to this plaintiff $4,000 in negotiable bonds of the Metropolitan Street Railway Company as capital, and all the goods, merchandise, and chattels above enumerated, but failed to turn over the lease and good will of said business; that the plaintiff was thereafter the owner of said goods, wares, merchandise, and chattels, and in lawful possession thereof." The plaintiff then makes formal allegations of the appointment of the defendant as administratrix of the goods, etc., of the deceased, and that such administratrix has taken possession of all the goods, chattels, credits, etc., against the protest of the plaintiff, and has prevented her from taking possession thereof and of the leasehold premises, and that plaintiff has demanded the property and the defendant has refused to turn over the same to her. Judgment was asked for the possession of the goods, wares, merchandise, and chattels, or for the sum of $7,000 in case possession cannot be given to plaintiff, and then follows a further prayer for specific performance of the alleged oral agreement. The answer puts in issue all the material matters relating to such alleged agreement or part performance thereof. On the trial the complaint was dismissed on the merits.

The aspect in which the cause was presented by the plaintiff at the trial was that of a parol agreement partly performed, that part performance consisting in an alleged delivery, actual or symbolical, of $4,000 in negotiable bonds of the Metropolitan Street Railway Company, as an amount of capital furnished the plaintiff to enable her to conduct the business when she should be entitled so to do under the alleged agreement. Upon the evidence on which the learned judge passed, and which alone was considered by him in determining the action, we might feel constrained to sustain the judgment now appealed from. That evidence was insufficient, in his opinion, to maintain the plaintiff's claim. It consisted of the testimony of several witnesses, neither of whom testified to the actual making of a contract between the plaintiff and the decedent, although each of them testified to certain different isolated facts tending to support the plaintiff's claim, and particularly the gift of the bonds. But the plaintiff was examined as a witness, and she testified in detail to conversations had with Schellhase, and her testimony, if it is to be believed, established the making of a contract, performance of what was required of her, and part performance by Schellhase. Objection was taken in due and proper form to her competency as a witness concerning conversations or transactions between herself and Schellhase, under the interdiction of section 29 of the Code of Civil Procedure. The learned trial judge,

with the acquiescense of the defendant, allowed the witness to testify, under a reservation, however, of the right to strike out all her testimony at a further stage of the trial. He subsequently did strike it out of the record, and the plaintiff now insists that that ruling of the court constitutes error, and that the evidence should have been retained and passed upon in the determination of the cause. That contention of the appellant is founded upon section 2709 of the Code of Civil Procedure, and it is urged that, under the provisions of that section, the defendant qualified the plaintiff, and authorized her to testify as a witness in this action on her own behalf. It appears in the record that the defendant instituted a proceeding in the Surrogate's Court to discover assets and property of the decedent's estate, and in that proceeding called the plaintiff as a witness. It is manifest that the particular subject of inquiry in that proceeding was the bonds of the Metropolitan Street Railway Company, being the same bonds which the plaintiff claims were given her in part performance of the agreement which she alleges was made with Schellhase. Pursuant to an order of the surrogate, the plaintiff appeared before him, and through her counsel objected to being examined, on the ground that it appeared from the answer she interposed in the proceeding that there was a dispute as to the title of the Metropolitan Railway bonds, and that under section 2710 of the Code of Civil Procedure the proceeding should end. The surrogate ruled that under the amendment of section 2709, made in the year 1903, the proceeding could not be dismissed as matter of right, and, the witness being sworn, declined to answer, whereupon the surrogate declared that if she refused to answer she would be committed. The objection was then withdrawn, and the witness testified that she knew John Schellhase in his lifetime. She gave the date of his death, and stated that she knew that he had a safe deposit box in the Hanover Safe Deposit Company, and that in the box were four Metropolitan Street Railway bonds of the par value of $1,000 each; that she had the key to the safe deposit box; that a demand was made upon her for the key, which she refused to comply with. No further questions were asked by counsel for the administratrix, but the surrogate asked the witness if the bonds were then in the box, and she said they were when the box was examined, and that she still had the keys thereof; that there were two keys, both of which she had. The surrogate then inquired where she got the keys, to which she answered, "Mr. Schellhase gave them to me," and that she received them from him the day he hired the box in the safe deposit company. The surrogate then asked her if she claimed to own the four bonds, and she said she did; that Mr. Schellhase gave them to her; that she did not remember the exact date; it was the day he hired the safe deposit box. "He got the bonds on that day, and he hired the box that day. He deposited them there, and came up to his place of business, and when he came in he gave me the keys." The surrogate would not permit the witness to testify to what Mr. Schellhase said to her, but asked her: "You say what happened then amounting to a giving of the bonds; is that it? and the witness answered "Yes." Whereupon the counsel for the administratrix applied to the surrogate for an order requiring the bonds to be turned over to the administratrix.

Subsequently the surrogate asked the witness if she had seen the bonds, to which she answered "Yes." An application was then again made to the surrogate for an order directing that the bonds be turned over to the administratrix. The matter was taken under consideration, but what disposition was made of it does not appear in this record.

Under section 2709 of the Code of Civil Procedure as amended in 1903, the plaintiff was entitled to testify on the trial of the present action as to matters the subject of inquiry in the discovery proceedings in the Surrogate's Court, and as to which she was then interrogated. She was compelled to answer. The proceeding was one instituted by the defendant, who is bound by all the provisions of law relating to the effect of such proceedings. By section 2709 of the Code of Civil Procedure, it is provided, among other things, that if the surrogate does not dismiss the proceeding, but directs the examination to proceed, the witness must be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition, and he may be examined fully and at large respecting property of the decedent, or of which the decedent had possession at the time of, or within two years before, his death. A refusal to attend or be sworn, or to answer a question which the surrogate determines to be proper, is punishable in the same manner as a like refusal by a witness subpœnaed to attend a hearing before the surrogate. The extent of the examination is in the discretion of the surrogate. The amendment of 1903 provides that:

"If the witness is examined concerning any personal communication or transaction between himself and the decedent, all objection under section eight hundred and twenty-nine to his testimony as to the same in future litigation is waived."

By calling the plaintiff as a witness, and pursuing an inquiry as to property of the decedent of which the plaintiff had ostensible or apparent control, the defendant waived all right to object in this or any other action to the competency of the plaintiff as a witness to conversations or transactions had with the decedent in his lifetime respecting that property. The fact that the particular questions asked by the surrogate, and which elicited proof of a transaction with the decedent, were not put by counsel for the administratrix, but by the surrogate of his own motion, does not, in our judgment, affect the matter. The particular interrogatories put on behalf of the administratrix merely related to the possession by the witness of a key to a box in which the Metropolitan Street Railway bonds were contained. But the whole object of the proceeding was to enable the surrogate to determine whether the administratrix was entitled to the possession of those bonds. That could not be adjudicated upon the simple proof of where the bonds were, and who had possession of the key. It was necessary to proceed further, and for the surrogate to determine whether the administratrix had the right to possession, or whether the bonds were held by the witness under a claim of title, for in the latter case the proceeding necessarily would have to be dismissed. The questions put by the surrogate were germane to the investigation, as counsel had failed to place before him facts sufficient to enable him to determine the matter involved in the proceeding. In order that he might exercise the jurisdiction he possessed, and to prevent the proceeding being a

futility, he asked pertinent and proper questions of a witness brought into court by the administratrix for the express purpose of having her right to possession determined. The witness was there by compulsory process, issued at the instigation of the administratrix, and the testimony was reluctantly given. The examination was within the discretion of the surrogate, and it cannot be said to have been an improper exercise of discretion, when information was called for absolutely necessary to the determination of the proceeding before him. The witness was brought there to answer such questions, and the defendant took the risk of making the plaintiff's testimony competent in a subsequent action, involving the subject-matter of the inquiry then before the surrogate.

It is claimed that, if the foregoing views are correct, the plaintiff on the present trial nevertheless could be examined only with respect to the bonds of the Metropolitan Street Railway Company, and the transaction had with the decedent respecting those bonds. We think that view is the correct one, and the whole subject of the plaintiff's alleged contract relations with Schellhase was not set at large by her examination in the Surrogate's Court. Conceding that to be so, the testimony of the plaintiff was admissible as to the transaction with Schellhase relating to the delivery to her of the keys of the safe deposit box. The purpose of that testimony was to establish the gift of the bonds, and the claim that such a gift would be effected by the delivery of the keys of the box in which the bonds were deposited, accompanied by a declaration which fully indicated that the giver had no intention to resume possession thereof, is not without support in the law. Pink v. Church (Sup.) 14 N. Y. Supp. 337, affirmed 128 N. Y. 634, 29 N. E. 147; Cooper v. Burr, 45 Barb. 1; Phipard v. Phipard, 55 Hun, 437, 8 N. Y. Supp. 728. We do not, however, express any opinion respecting the merits of the controversy in any aspect of it, but we are of the opinion that the plaintiff was entitled to have the trial court consider her case upon all legitimate evidence she might adduce. She has been deprived of that right. The merits of the case must be determined, in the first instance, at the Special Term, and we have no power to act originally upon the excluded evidence as if it were in the record.

The judgment, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.