dition to counting, hollowed, saying she wanted to go to the county house, and be carried out on the manure pile; that this she said a great many times and most of the time crying; that before the will was executed, and on the 'same day, she said to Raymond, in speaking of the Armstrongs, "they were nearest to her of any one," showing she had overlooked her own sister and other blood relatives.

There was a large number of witnesses sworn in behalf of the contestant, and some evidence given tending to establish many of the above recited facts.

If the evidence of the witness. Raymond is true, and the testatrix on the day of the execution of the will gave the directions for the business transacted that day and explained the reason therefor describing the amount and character of her property as testified to by him, she was in my opinion, applying the rule laid down in Matter of Iredal, 53 App. ·Div. 45, 65 N. Y. Supp. 533, competent to make a will, although the case is not free from doubt, as the evidence as to her physical condition about the time of executing the will is conflicting; still, basing my conclusions upon the evidence of the witness Raymond as to what was said and done at the time of the execution of the will, I am of the opinion she comprehended the condition of her property, her relation to those who were the objects of her bounty, the nature and consequences of her act, and that it was her free act, and for the foregoing reasons admit the will to probate as a valid testamentary disposition of her property.

Costs to be adjusted and decree settled upon notice.

---

(73 Misc. Rep. 493.)

### In re BENIOFF'S ESTATE.

(Surrogate's Court, New York County.    September, 1911.)

1. WITNESSES (§ 128*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.
   Code Civ. Proc. § 829, relating to the competency of witnesses with reference to transactions with decedent, applies in examination of witnesses in discovery proceedings in the Surrogate's Court.

   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 128.*]

2. WITNESSES (§ 178*)—COMPETENCY—TRANSACTIONS WITH DECEDENT—WAIVER OF OBJECTIONS.
   Where petitioners for discovery of assets of a decedent call the party respondent and examine him as to his transactions with decedent, they render him competent as to such matters for the future, and their subsequent objection to his competency on cross-examination as to such matters cannot be sustained.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 722–725; Dec. Dig. § 178.*]

In the matter of the estate of Alexander L. Benioff.  Proceedings by administrators to discover and obtain assets.  Dismissed.

Flannagan & Erskine, for petitioner.
James, Schell & Elkus, for witness, respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FOWLER, S. This is a proceeding on the part of the administrators of Alexander L. Benioff, deceased, to discover and obtain property claimed to be withheld from them by Benjamin Benioff. On the return of the citation, Benjamin Benioff, the respondent, filed an answer claiming title to the property sought. The respondent was, nevertheless, sworn, at the instance of the petitioners, and examined by them under oath.

In the course of the examination in the discovery proceeding, various objections were made to the questions propounded to Benjamin Benioff, and as the examination was; by consent of counsel, taken out of court, these objections are now presented to the surrogate for his consideration. As such objections present points not free from difficulty, the surrogate esteemed it his duty to give them such attention as they merit.

[1] Discovery proceedings in this court are governed by the ordinary rules of evidence (Tilton v. Ormsby, 10 Hun, 7, affirmed 70 N. Y. 609; Matter of Wagner, 119 N. Y. 36, 23 N. E. 200), and section 829, Code of Civil Procedure, applies to such proceedings. Tilton v. Ormsby, 10 Hun, 7, affirmed 70 N. Y. 609. Here the administrators claim that the witness, who is the brother of the deceased, has property of the deceased, to wit, $12,500 of the capital stock of Benioff Bros., and that such administrators are entitled to it. Benjamin Benioff, on the other hand, claims title thereto and interposes an answer. The discovery, like the old writ of right to land, presents, therefore, a sharply defined issue of better title.

Formerly such answer as is here interposed would have ousted this court of jurisdiction in a discovery proceeding. But since the amendments to section 2709, Code of Civil Procedure, the surrogate may direct the examination to proceed. But, if on the whole examination it appears that the right of the witness to the property claimed by the administrators is in dispute, the discovery proceeding is at an end without adjudication on the merits, unless the parties to the proceeding consent that the question of better title may be determined by the surrogate. Code Civ. Proc. § 2710. No such consent is apparent in this proceeding, and it would seem that the proceeding should end with the discovery made. Its present or future value to the petitioners is for them to determine.

[2] It is certainly of some value to the personal representatives to obtain such a discovery in some cases. But this proceeding exemplifies that such a discovery is not altogether without its dangers to the personal representatives who invoke it. The personal representatives have, by section 829, Code of Civil Procedure, the advantage of keeping sealed the mouth of the person claiming the property, in so far as his testimony concerns a personal transaction or communication between the witness and the deceased person. But if the personal representatives themselves call a person so disqualified to the stand, and interrogate him under oath in regard to matters concerning which he is otherwise incompetent, this operates as a waiver of such incompetency, as he is not then testifying in his own behalf. Carpenter v. Soule, 88 N. Y. 251, 257, 42 Am. Rep. 248; Holcomb v. Harris, 166

N. .Y. 257, 59 N. E. 820. Such waiver opens the door to the witness to give his testimony upon the prohibited matters so elicited by the personal representatives, in any future proceeding or action in judicio. People v. Bloom, 193 N. Y. 1, 85 N. E. 824, 18 L. R. A. (N. S.) 898, 127 Am. St. Rep. 931. This last rule the petitioners themselves now invoke in this proceeding, claiming that they have not as matter of fact examined the witness concerning any matter or transaction concerning which he was disqualified under section 829, Code of Civil Procedure. They now on their part object to certain interrogatories put to the witness by his own counsel on cross-examination, as precluded by section 829, Code of Civil Procedure. If the objectionable matter is not cross-examination, but new matter, the objections so taken are undoubtedly well taken, as the English rule which prevails in some other states of the Union does not prevail in New York, and on such new matter the witness is the cross-examiner's own, and concerning it the witness is subject to all the rules governing direct examinations. People ex rel. Phelps v. Oyer & Terminer, 83 N. Y. 436, 459; Smith v. Lehigh V. R. R. Co., 177 N. Y. 379, 69 N. E. 729.

The single question, therefore, now before the surrogate arises on objections by counsel for petitioners to certain cross-interrogatories put by the counsel of the witness, who is the respondent, cited in this discovery proceeding. If the cross-interrogatories are directed to new matter, the witness is incompetent under section 829, Code of Civil Procedure, and the objection is timely, and should be sustained. But, if the petitioners themselves interrogated the witness concerning prohibited matter, they have opened the door and the cross-interrogatories are competent.

It will be remembered that the discovery concerns certain capital stock of the incorporate firm of Benioff Bros., and that the administrators of Alexander L. Benioff are here claiming $12,500 of this stock in the possession of Benjamin Benioff, the respondent, who asserts title to it.

The first objection relates to the introduction in evidence of a statement of assets. This statement was prepared by Benjamin Benioff as the basis of the incorporation of Benioff Bros. So he states, and no objection was made to his testimony on this point. But when the statement itself, in the possession of the administrators, is offered in evidence, objection is taken to it by the administrators' counsel as involving a personal transaction with the decedent. This objection is perhaps insufficient in form, as it is directed to evidence, and not to the competency of the witness, and this is not enough. Hoag v. Wright, 174 N. Y. 36, 66 N. E. 579, 63 L. R. A. 163; Ham v. Van Orden, 84 N. Y. 257, 271. But, as counsel for neither party suggests this particular informality, the surrogate will proceed to consider the validity of the objection in other respects. It certainly seems to the surrogate that the statement objected to relates to matter elicited on the direct examination. The entire direct examination of Benjamin Benioff, directly or indirectly, relates to transactions between Benjamin Benioff and his deceased brother. The first page of the

direct deposition discloses that fact, and the following pages only emphasize it. It is difficult to say that the door thus widely opened can be closed thereafter to the respondent only. The objection is overruled.

The second objection is taken to a question asking for a conversation in 1908 between Benjamin Benioff and his brother Alexander Benioff, now deceased. This conversation related directly to a transaction between them concerning the very stock sought in this proceeding. If the witness was rendered competent by the course of the counsel on the direct examination, that is an end to this objection also. The conversation sought has been rendered competent by the competency of the witness. If the witness is competent, the conversation is competent. It seems to the surrogate that the direct examination was one long examination concerning transactions between the witness and the deceased. That most of it would have been incompetent to the witness, had he been interrogated thereto in his own behalf, is apparent. But the petitioners, having waived the incompetency of the witness at one stage, cannot enforce it at another.

If the surrogate is in error on the point that the incompetency of the witness has been constructively waived, no harm will be done petitioners, for, while their objections to the cross-examination are overruled, they may have proper exceptions thereto, and, if the point of waiver is ever made against them, in future legal proceedings such objections and exceptions so taken will seem to save the point now presented to the surrogate.

Objections overruled. Let the examination be signed, and concluded, when the proceeding will be dismissed.

Decreed accordingly.