LILLIAN A. GREEN, Ancillary Administratrix, etc., of ABBIE LOUISE CHANDLER, Deceased, Plaintiff, *v.* THE GREENWICH SAVINGS BANK and Another, Defendants.*

City Court of New York, New York County, April 19, 1932.

* Affd. without opinion by App. Term, 1st Dept.

*David M. Neuberger*, for the plaintiff.

*Middlebrook & Sincerbeaux*, for the defendant Greenwich Savings Bank.

*Max Chopnick*, for the defendant Dora G. Widmer.

STEUER, J. The plaintiff and the defendant Widmer are sisters-in-law. The deceased was related to neither of them. Apparently they, and especially the defendant Widmer, were her close associates, especially during her last years, and it was her practice to make visits of several weeks' duration to the defendant Widmer. It was upon the occasion of one of these visits that the deceased died. She was a lady of advanced age, and the testimony indicates that during this last visit her physical condition gave warning of approaching danger. This she met, as indicated by her actions, by a firm intention to disregard, which was interfered with by premonitions brought on by an unfortunate dream. On January 22, 1931, she became seriously and acutely ill, and requested that a certain package be brought to her, which, when she received it, she delivered to the defendant Widmer, with appropriate words of gift. Approximately a half hour later she died. These facts would constitute a valid gift *causa mortis*.

It remains to be considered whether the testimony by which they are sought to be established is sufficient. The facts were testified to by a daughter of the defendant Widmer, with whom she resided. In its nature this testimony was found to be frank, clear and without equivocation. It has, however, been stated that the " testimony of relatives, servants or interested parties is insufficient." (*Matter of Davis*, 128 Misc. 622.) The authorities cited for that proposition have been examined with some care. In each of them it was found that the testimony given by the class of persons described was in and of itself of a highly unsatisfactory character. It stands to reason that few gifts *causa mortis* are made in the presence of a roomful of persons entirely disassociated with the donee. It is true that the testimony of others may be looked upon with a more lenient eye, but no controlling authority has been found which prohibits the acceptance of testimony emanating from relatives when the testimony of itself meets the requirements which every action of this nature demands.

In rebuttal the only testimony offered was to the effect that in delivering the effects of the deceased to an attorney the defendant wrote on the receipt that the bank book, the subject of the gift, was being held for claims and expenses. This statement was

made before the defendant had received any advice as to the legal consequences of what had taken place, and does not impeach the credibility of the testimony given in her behalf.

The defendant Greenwich Savings Bank appears in the action merely as a stakeholder, and the defendant Widmer is entitled to a judgment against it for the amount of the deposit represented by the bank book in question. This unfortunate family dispute may bring some satisfaction to the plaintiff in realization of the fact that the oath of every member of the family was accepted by the court at exactly the value the witness would wish it to have.

Submit findings in accordance with this decision.