## In the Matter of the Estate of CATHERINE KILEY, Deceased.

Surrogate's Court, Westchester County, December 6, 1949.

*George Hinchcliffe* for Thomas Kiley, as coadministrator of the estate of Catherine Kiley, deceased, petitioner.

*John E. Tobin* for Mary M. Kiley and another, respondents.

GRIFFITHS, S. This discovery proceeding is brought to recover the proceeds of a savings bank account which until a few days before the death of the depositor had been in the name of Catherine M. Kiley in trust for Johanna Kiley, her sister. The respondent, Mary M. Kiley, filed an answer claiming a gift of the proceeds of said account.

The evidence established that both sisters were unmarried and resided together. Both had been ill for some time before their deaths. On November 1, 1948, Johanna Kiley was admitted to a hospital and six days later her sister Catherine was admitted as a patient to the same hospital. Catherine M. Kiley, the depositor, died intestate on November 12, 1948, predeceasing her sister, who survived by only a few hours, and also died intestate.

The claim of gift is based mainly on the testimony of respondent's daughter. It has been stated that the testimony of relatives, servants or interested parties is insufficient to establish a gift and that if corroboration is not present the gift must fail. (*Matter of Davis,* · 128 Misc. 622, affd. 222 App. Div. 846.) Corroboration, however, is not essential as a matter of law; nor does the law irrespective of the circumstances, view with suspicion a claim asserted against a decedent. (*Matter of Sherman,* 227 N. Y. 350.) There is no rule of law that a claim against a decedent must be in writing or established in all substantial particulars by disinterested witnesses.

The rule with respect to the evidence required to substantiate a claim asserted against a decedent is set forth in the opinion of HISCOCK, Ch. J., in *Ward* v. *New York Life Ins. Co.* (225 N. Y. 314, 322): " The rule in any civil case is that the plaintiff must establish his claim by a fair preponderance of evidence. He need do no more than this if his claim deals with a dead person; he cannot do less if he is attacking the rights and property of a living person. The general rule as to weight and quality of evidence is no different in one case than in the other. In applying the rule and test to specific evidence, however, it very likely will and should occur that the triers of fact will more carefully and critically scrutinize evidence offered against a dead person's estate for the purpose of deciding whether it does make the necessary weight and preponderance of evidence, than would be done if the testimony was offered against one who was alive to contradict it."

The foregoing rule was restated with approval in *Matter of Sherman* (*supra,* p. 354). In *Gilkinson* v. *Third Ave. R. R. Co.* (47 App. Div. 472) the court, in affirming the opinion of the referee, held that the uncorroborated testimony of the donee's aunt was sufficient to establish a gift of the stock. Similarly, in *Green* v. *Greenwich Sav. Bank* (149 Misc. 393) the court explained the rule enunciated in *Matter of Davis* (*supra*) and held that the frank, clear and unequivocal testimony of a daugh-

ter of the donee, although uncorroborated, was sufficient to establish the gift.

The court has scrutinized the testimony of respondent's daughter by reason of the interest which must be inferred from the relationship of mother and daughter. Her testimony finds some support in the uncompleted withdrawal slip signed by decedent, in the testimony of the neighbor of decedent to whom the custody of the passbooks was entrusted by decedent, and who in turn delivered them to respondent, and in the circumstances under which respondent returned such passbooks, excluding that claimed to be the subject of the gift.

There is nothing inherently incredible nor improbable in the testimony given by respondent's daughter. Her testimony was clear and convincing. The uncontradicted evidence established that respondent was related to decedent and that she and her daughter were on friendly terms with decedent. Both were frequent visitors in decedent's home and had assisted in caring for decedent and her sister during their last illnesses.

The bank account, the subject of the claimed gift, was but one of several in the name of decedent. Both sisters must be presumed to have realized that if they died intestate the closest relatives of the survivor would be nephews and nieces. Any delivery of the passbook accompanied by the delivery of the uncompleted withdrawal slip signed by decedent is indicative at least of an intent to withdraw all or a part of the amount on deposit in the name of decedent in trust for her sister, and to revoke the Totten trust to the extent of such withdrawal. This is of particular significance if the fact that the claimed gift followed by not more than a day the admission of decedent to a hospital is viewed in the light of the circumstance that decedent's sister, who had also been ill for several months, had been admitted to the hospital not more than a week earlier.

Although one who attempts to establish a gift *inter vivos* must do so by clear and convincing evidence (*Matter of Schroeder*, 113 App. Div. 204, affd. 186 N. Y. 537; *Ridden* v. *Thrall*, 125 N. Y. 572; *McKeon* v. *Van Slyck*, 223 N. Y. 392) such a gift need not be established beyond all suspicion (*Lewis* v. *Merritt*, 113 N. Y. 386), but only by a fair preponderance of the evidence. (*Ward* v. *New York Life Ins. Co., supra*; *Matter of Sherman, supra.*)

The evidence satisfactorily established that decedent was competent to make a gift. The hospital records indicating a poor or weakened physical condition and the occasional irrationality of decedent fail to establish lack of mental capacity

at or about the time the alleged gift was made. On the contrary, the circumstances surrounding the alleged gift and the manner in which decedent regained custody of the passbook and selected from several passbooks that which was to symbolize the subject of the gift, the clear expression of intent to make the gift, accompanied by the instruction that the passbook should be taken to a designated person at the bank, clearly reveal her subjective mental condition at the time the gift is alleged to have been made.

The requisites of intent, delivery and acceptance which are essential to a gift (*Beaver* v. *Beaver,* 117 N. Y. 421) have been established. A gift of the proceeds of a savings account may be accomplished by a delivery of the passbook by the donor with intent to pass title to the donee. (*Ridden* v. *Thrall, supra*; *Matter of McCredy,* 274 App. Div. 363, leave to appeal denied 299 N. Y. 799.) Upon all the evidence the court finds and determines that decedent made a valid gift to respondent of the proceeds of the savings account the subject of this proceeding. The petition accordingly is dismissed.

Settle decree.