S. Samuel Di Falco, S.
The court holds that the evidence is entirely insufficient to establish that the respondents have title to the moneys sought to be recovered in this discovery proceeding. The respondents are two practical nurses who were employed by the decedent. Each claims that the decedent made gifts of the proceeds of his savings bank accounts to each of them in equal amounts on 11 different occasions between the period beginning about October 30,1957 and ending January 7, 1958. The amounts alleged to have been received by them were substantial. The decedent died on January 27,1958.
Upon the hearing neither was competent to testify in her own behalf by the reason of the bar of section 347 of the Civil Practice Act. However each gave testimony on behalf of the other to support the claim of gift to the other. While each was a competent witness for the other, they were both interested witnesses for similar claims arising out of the same personal transactions with the decedent.
Proof of a gift must be clear and convincing (Matter of Van Alstyne, 207 N. Y. 298; Ward v. New York Life Ins. Co., 225 N. Y. 314; Matter of Sherman, 227 N. Y. 350). The gift must be corroborated in all respects by disinterested witnesses. The testimony of relatives, employees or interested parties alone is not sufficient to support a claim of gift (Matter of Davis, 128 Misc. 622, affd. 222 App. Div. 846; Matter of Buoninfante, 125 Misc. 907; Matter of Schroeder (No. 1), 113 App. Div. 204, affd. 186 N. Y. 537; Matter of McMillan, 167 App. Div. 817, affd. 218 N. Y. 64). Here only one person testified to the transactions *540 relating to each gift and that person naturally had the strongest motive for sustaining the gifts. The claim of each respondent rested wholly upon the uncorroborated testimony of the other respondent. No one other than the respondents was present when the deceased was alleged to have made the gifts. As was said in Matter of Davis (supra, p. 625): “In issues of this character the record must be scrutinized with extreme care. Next of kin may easily be divested of property by the testimony of interested or biased witnesses. Frequently, as in this case, the account of the transaction is not improbable or unreasonable. It may appeal to the court as perfectly truthful. The difficulty arises from the fact that it is not corroborated. If corroboration is not present the gift must fail. The court cannot assume the burden of depriving the estate of a decedent of its assets unless testimony is offered other than from someone directly concerned and vitally interested in the result.”
Moreover, the decedent was a very sick man of the age of 82, suffering from heart trouble, kidney disorder and other ailments and walked with great difficulty. He was a heavy drinker. He was wholly dependent and relied entirely upon his nurses, the respondents. A confidential relationship therefore resulted in which any advantage acquired by the respondents as the dominant parties requires careful scrutiny (Allen v. La Vaud, 213 N. Y. 322). The law casts upon them the burden of relieving themselves of the suspicion that their acquisition of the property of the decedent was procured by fraud, undue influence or coercion. (Allen v. La Vaud, supra; Matter of McCarthy, 164 Misc. 719, affd. 254 App. Div. 827; Matter of Phillips, 12 Misc 2d 402.) This burden the respondents failed to meet.
The claim of gift of each respondent to the moneys withdrawn from the decedent’s saving’s bank accounts are, therefore, denied. The court holds that they are assets of the estate. Similar disposition is made in respect of the furniture and furnishings contained in the decedent’s apartment admittedly removed therefrom by the respondents. No satisfactory proof of gift of these personal assets to either of the respondents has been shown. The respondents are, therefore, directed to return to the representative of the estate the funds in question and the furniture and furnishings which are held to have belonged to the decedent.
Submit decree on notice accordingly.