(47 Misc. Rep. 511.)

KILLIAN v. HEINZERLING.

(Supreme Court, Special Term, New York County. June, 1905.)

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Code Civ. Proc. § 2709, providing that, if a witness called for examination before the surrogate in an endeavor to discover assets of the estate is examined concerning any personal communication or transaction between himself and the decedent, an objection under section 829 to his testimony as to the same in future litigation is waived, does not entitle a witness who is examined by the surrogate to thereafter testify, in an action brought by him against the decedent's administrator, to all personal transactions and communications had between him and the decedent.

2. SPECIFIC PERFORMANCE—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action to enforce an oral agreement made between plaintiff and defendant's intestate, whereby plaintiff was to receive the business of the intestate, together with certain money or bonds to conduct the same, in consideration of her remaining in the employ of defendant's intestate for a year, the uncorroborated testimony of plaintiff's sister to statements made by defendant's intestate to the effect that he intended to give plaintiff his business was insufficient to warrant a judgment for plaintiff.

Action by Agnes E. Killian against Katharine E. Heinzerling, as administratrix of John Schellhase, deceased. Judgment for defendant.

Edward Miehling, for plaintiff.

Amend & Amend (Alfred J. Amend and John E. Donnelly, of counsel), for defendant.

McCALL, J. This action is brought to enforce an oral agreement alleged to have been made between plaintiff and the intestate, Schellhase, whereby plaintiff was to receive the business of said intestate and chattels used therein, together with money or bonds amounting to $4,000 wherewith to conduct said business, upon the consideration that she remain in his (Schellhase's) employ for one year, or, in the event of the death of intestate prior to the expiration of a year, then the said property to pass to her at his demise. The plaintiff was a young woman in the employ of John Schellhase as superintendent and bookkeeper of his upholstery business, conducted at No. 417 Fourth avenue, in this city. Schellhase, according to plaintiff's proof, was anxious to retire. He had no relatives for whom he cared, and desired to return to Germany. The plaintiff alleges that in January, 1904, Schellhase spoke of re-leasing the premises at No. 417 Fourth avenue for another year, and asked plaintiff to remain with him, as he could not run the business alone; that plaintiff complained of her eyesight, and said she could not promise to stay; that he then said that he would take the lease for a year longer if she would remain; and that at the end of the year he would go to Germany and give her the business. Later on another conversation was had, in which plaintiff claims she was given $4,000 in bonds in order to provide her with capital to carry on the business. This agreement to remain for one year was not carried out, as Schellhase died in April, 1904. The court upon the trial permitted the testimony of the plaintiff to be taken in reference to personal transactions had with decedent, reserving decision on the objection raised by defendant that it was not admissible under section 829 of the Code of Civil Procedure. After the death of intestate the plaintiff was called before the surrogate and examined (as provided for by section 2709 of the Code) in an endeavor to ascertain the location of assets of this estate. The learned surrogate himself drew from plaintiff the fact that she claimed the $4,000 in bonds were given to her by decedent. The section of the Code referred to provides:

"That if the witness is examined concerning any personal communication or transaction between himself and the decedent, an objection under section eight hundred and twenty-nine to his testimony as to the same in future litigation is waived."

This provision is claimed by plaintiff to operate in her favor, so as to permit her to testify to all personal transactions and communications with deceased. This contention cannot be sustained. It would be strange indeed if questions by the learned surrogate as to the whereabouts of bonds opened the way for plaintiff to testify to any and all transactions and communications to which she chose to testify; and such construction of the statute is not tenable. The same phraseology as is found in section 2709 occurs practically in section 829, where it is provided that, if the executor or administrator is examined in his own behalf or interest, the other party may be examined as to the same transaction or communication. This is in the interest of justice, so that one may not be permitted to testify to something which the other may not dispute or explain. The very purpose of the section itself is to prevent the giving of evidence by one which the other is powerless to gainsay, because of the death of the only person who could effectually dispute same. This part of the section has been construed many times, and it has always been held that the party is only permitted to testify to the same transaction or communication about which the executor or administrator has testified. Rogers v. Rogers, 153 N. Y. 343, 47 N. E. 452. The testimony of plaintiff is, therefore, not competent or admissible, and is stricken from the record.

The plaintiff's sister, however, testified to statements which she on several occasions heard the intestate make, which were in effect that intestate intended giving his business to plaintiff; but she is the sister of the plaintiff, and her visits seemed to be most opportune and at the psychological moment, and in cases of this kind such testimony must be most carefully scrutinized. These asserted agreements did not convey anything; nor are they claimed to be gifts, as they were not executed. They are like wills; but the persons interested know that the law has placed certain safeguards around the disposition of a decedent's property, and that they must not tread too closely to the line of testamentary dispositions. The plaintiff here is trying to enforce an executory contract, based now only upon the testimony of her sister. I cannot agree to take property away from a person's natural heirs upon such vague and unreliable evidence. The plaintiff's sister had the strongest motive for sustaining the plaintiff, and the evidence, in the light of the whole case is too improbable for me to base judgment upon. As was said by the Court of Appeals in a similar case to the one at bar:

"Contracts of the character in question have become so frequent in recent years as to cause alarm, and the courts have grown conservative as to the nature of the evidence required to establish them, and in enforcing them, when established, by specific performance. Such contracts are easily fabricated and hard to disprove, because the sole contracting party on one side is always dead when the question arises. * * * Such contracts are dangerous. They threaten the security of estates and throw doubt upon the power of a man to do what he wills with his own. The savings of a lifetime may be taken away from his heirs by the testimony of witnesses who speak under the strongest bias and the greatest temptation, with all the dangers which, experience shows, surround such evidence. The truth may be in them; but it is against sound policy to accept their statements as true, under the circumstances and with the results pointed out. Such contracts should be in writing, and the writing should be produced, or, if ever based upon parol evidence, it should be given and corroborated in all substantial particulars

by disinterested witnesses. Unless they are established clearly, and are equitable, * * * specific performance should not be decreed." Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118.

To the same effect are many other cases, notably Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, and Pattat v. Pattat, 93 App. Div. 103, 87 N. Y. Supp. 140.

There is another feature of this case which impressed the court most forcibly. The plaintiff filed a claim against this estate for her wages after intestate's death and for disbursements incurred by her. The theory of this case could not have been in her mind at that time. This is doubly strange, when it is considered that the conversations and transactions through which she claims had occurred, some of them within a month, and all within three months. There are other reasons which could be urged against plaintiff's prevailing, but the foregoing are so conclusive that the recital of the other reasons becomes unnecessary.

Judgment for defendant.