In the Matter of the Estate of JAMES A. WENDELL, Deceased.

Surrogate's Court, Montgomery County, October, 1923.

**Gifts — inter vivos — evidence examined and held sufficient to establish all essentials of valid gift inter vivos.**

Certain articles of jewelry which upon the death of testator's wife, intestate, became his property by operation of law, were after his death found by his executors at his home. Evidence considered and held sufficient to establish all the essentials of a valid gift *inter vivos* of the jewelry by him to the sister of his deceased wife.

PROCEEDING to determine a claim presented by Maddie Ward against Parkes D. Wendell and J. Harris Loucks, as executors

Surrogate's Court, Montgomery County, October, 1923.      [Vol. 121

of the last will and testament of James A. Wendell, deceased, for certain articles of jewelry claimed by Miss Ward to have been given to her by the testator and that the same is her property and which articles of jewelry are now in the possession of the said executors and claimed by them as part of the estate of the testator.

*Leonard B. Moore,* for Maddie Ward, claimant.

*J. Harris Loucks,* in person and for executors.

*Stanchfield & Levy (William V. Saxe,* of counsel), for executors.

SPONABLE, S.   James A. Wendell died May 10, 1922.

Mrs. Minnie Wendell, wife of James A. Wendell, died in September, 1917.

It is conceded by both claimant and the executors that the articles involved in this claim consist of one platinum lavalliere with seventeen diamonds, one platinum bracelet with twenty-seven diamonds, one platinum dinner ring with nine diamonds and numerous small diamonds, one gold ring with one diamond, one gold ring with one emerald, one gold star pin with seven diamonds and fifty-four small diamonds and two pairs pearl earrings, and that said jewelry was owned by Mrs. Minnie Wendell, the wife of the testator, at the time of her death, and that she died intestate, and that the same thereupon became the property of James A. Wendell, the testator, by operation of law, and that the said articles of jewelry are identical with the analogous items mentioned and set forth in the inventory of said testator, and are now in the custody of said executors, and that the claimant herein is a sister of the said Mrs. Minnie Wendell, wife of the testator, James A. Wendell, and that subsequent to the death of Mrs. Minnie Wendell the household of James A. Wendell, the testator, consisted of the claimant and himself.

The claimant herein claims that she is the owner of the articles of jewelry mentioned by reason of the said testator having given them to her after the death of his wife, and to substantiate her claim she has produced witnesses who have testified that they had on different occasions seen the claimant wear some of the said articles; that she had access to and knew the combination of the safe in which said articles of jewelry were kept in the testator's home in the city of Albany, N. Y., and where they were found by the executors after the death of the testator, and that on different occasions the testator had stated that he had given the said jewelry to Maddie and on one occasion in particular at the testator's home in Albany the testator went to the safe spoken of, took therefrom the jewelry and exhibited the same and stated

in substance that it was his wife's, Minnie's, jewelry and that he had given the same to Maddie, meaning the claimant.

To show that the claimant's contention as to a gift of the articles in controversy is not true the executors produced witnesses proving certain declarations made by the testator to the effect that he had not given away the jewelry belonging to his wife but that the same belonged to him.

As to these declarations as shown by the respondent executors the testimony offered by them was at the time objected to by the claimant as self-serving declarations and for that reason incompetent and improper and at the close of the case a motion was duly made asking that they be stricken from the record for the same reason and I have decided to grant the motion. This testimony of the witnesses produced by the executors as to any self-serving declarations of Mr. Wendell tending to deny the gift or its effect was not considered by me in arriving at my conclusion. *Matter of Humphrey's Estate*, 183 N. Y. Supp. 133; *Gick v. Stumpf*, 204 N. Y. 413.

As to the gift of the articles the burden of proof was on the claimant. *Matter of Canfield*, 176 App. Div. 554; *Matter of Housman*, 224 N. Y. 525. And by a long line of authorities it is a well-settled proposition of law that the proof in such a case must be definite, clear, convincing, strong and satisfactory; that there must be on the part of the donor an intention to give and a delivery of the thing given, to or for the donee, in pursuance of such intention, and on the part of the donee, acceptance. *Matter of Van Alstyne*, 207 N. Y. 298–308.

"In determining whether there has been a valid delivery, the situation of the subject of the gift must be considered. Thus if it is actually present, and capable of delivery without serious effort, it is not too much to say that there must be an actual delivery, although the donor need not in person or by agent hand the article to the donor if the latter assumes the possession." Thorn. Gifts & Adv. § 140; *Matter of Van Alstyne*, 207 N. Y. 298–310.

It would seem that the declarations made by the testator in the presence of the witnesses who have testified in this case that he had given all of his wife's jewelry to the claimant and that she should go and get the same and upon this statement claimant said, "no, Jim, you get them," and he did go and get them and exhibited them to the witnesses with the assertion in connection with this transaction, "I have given them all to Maddie," and that thereafter the claimant was seen wearing some of them, show conclusively that there had been a delivery and that the claimant had assumed the possession, she having access and knowing the

combination of the safe in which the jewelry was kept. These declarations together with other declarations shown to have been made by the testator to the same effect upon other occasions I believe establish all the essentials of a valid gift. *Wright* v. *Wright*, 4 Redf. Surr. 345; *Van Cleef* v. *Maxfield*, 103 Misc. Rep. 448; affd., 186 App. Div. 906.

I, therefore, conclude that the claimant is the owner of the several articles of jewelry which make up her claim in this proceeding and is entitled to the possession thereof and that a decree may be entered to this effect and also directing that the executors deliver the same to the claimant, with the costs of this proceeding.

Decreed accordingly.