In the Matter of Proceedings to Discover Alleged Property of DOMINICO BUONINFANTE, Deceased.

Surrogate's Court, Westchester County, November 10, 1925.

Gifts — proceeding to discover property in which nephew of decedent asserted gift causa mortis — claimant contended gift was made in presence of claimant's wife night before decedent died — testimony of wife, though competent under Civil Practice Act, § 347, insufficient to show alleged gift — administrator entitled to bank books.

Plaintiff's claim, in a proceeding to discover property of the decedent, to three bank books under a gift *causa mortis*, alleged to have been made in the presence of claimant, a nephew of the deceased, and his wife the night before decedent died, is not sustained in the absence of evidence corroborating the story told by claimant's wife, which, though competent, under section 347 of the Civil Practice Act, does not constitute a fair preponderance of credible evidence to show that a gift had been made; therefore, the books should be delivered to the administrator.

PROCEEDING to discover alleged property of decedent.

*Wallace & Wallace,* for the claimants.

*Francis X. Donoghue,* for the administrator.

SLATER, S.:

The claimant, a nephew of the decedent, asserts a gift *causa mortis* of three certain bank books which represent deposits totaling $8,214.15. The decedent resided with the claimant for a period of about fifteen years. He was survived by brothers and the nephew claimant. The alleged gift is asserted to have been made the night before decedent died and only in the presence of the claimant and his wife. The wife testified to the acts constituting the gift. Gifts are not presumed. Possession of personal property as evidence of gift by a member of a family of decedent having access

to his papers proves nothing in derogation. of ownership by the decedent. The burden of proof is on the claimant. (*Matter of Wendell,* 121 Misc. 569.) Although the proof must be clear and convincing, no greater proof is necessary than that which must be offered to prove any claim. (*Ward* v. *New York Life Ins. Co.,* 225 N. Y. 314; *Caldwell* v. *Lucas,* 233 id. 248.) Requisite proof of actual delivery must be made with possession and dominion surrendered. (*Ridden* v. *Thrall,* 125 N. Y. 572.) No case is found where gifts have been sustained where the husband is a claimant and the only proof of his claim is the testimony given by his own wife. The wife is a competent witness under section 347 of the Civil Practice Act. (*Matter of Wood,* 185 App. Div. 936.) Nevertheless, she is an interested one. (*Matter of Van Vranken,* 120 Misc. 280.) Cases such as this must be carefully scrutinized. The savings of a lifetime might easily be taken away from the next of kin by the testimony of a witness who speaks under the strongest bias and greatest temptation. The story is not improbable; it is not corroborated. It is against sound public policy to accept unsupported statements by an interested witness as true under the circumstances and with the results which will exist if this alleged gift is held good. (*Killian* v. *Heinzerling,* 47 Misc. 511.) If people who are to be the recipients of gifts do not have corroborating witnesses present when the gift is made, they must suffer the consequences. The court will not assume the burden of depriving an estate of funds unless testimony is offered by another than the one so vitally interested in its result. The evidence offered does not come up to what this court considers to be necessary to constitute a fair preponderance of credible evidence against the estate of the decedent. The gift is not sustained and the bank books should be delivered to the administrator.