In the Matter of the Estate of ELLA WILSON, Deceased.*

Surrogate's Court, Westchester County, January 25, 1928.

*Webster, Straus & Lamb* [*Edward H. Lamb* of counsel], for the executor.

*George D. Zahm,* for the respondent.

SLATER, S. This is a discovery proceeding. The decedent died July 17, 1926, at Yonkers, aged seventy-nine years. For many years she and her husband, who predeceased her, had been residents of the city of Rochester, N. Y. In or about February, 1923, she came to Yonkers to live with her niece, Mrs. Milton P. Kaler. Very briefly, the following are some of the facts:

The testatrix had made a will in 1917, and gave her residuary estate to two nephews of her deceased husband and her own niece, Mrs. Edna Kaler. When she left Rochester she had in different banks in that city something over $100,000 and a Liberty bond of $5,000. The duration of her living with her niece's family in Yonkers extended from February, 1923, until July, 1926, when she died. Soon after coming to Yonkers the money in the various Rochester banks was withdrawn and deposited in five different Yonkers banks. There was deposited in four different savings accounts about $40,000. There was also a checking account in the Westchester Trust Company. In this checking account there

---

* Affd., 225 App. Div. 761; 252 N. Y. 155.

had been deposited about $25,000, indicating that the money she had in the Yonkers banks was about $65,000.

During the period of her living with the Kalers it was shown from checks offered in evidence that she withdrew from the banks, checks as cash $1,400; for the payment of small accounts, about $600; $1,400 was withdrawn from the checking account of the Westchester Trust Company on checks, each indorsed " M. P. Kaler." On October 21, 1925, she withdrew from the said trust company $3,500, as indicated by a receipt produced in evidence. On May 3, 1926, in a similar way, she withdrew $4,000 from the interest department of the trust company. On June 21, 1926, she withdrew $5,500 from the interest department of the First National Bank of Yonkers. In the year 1924 she drew nine checks upon the Westchester Trust Company checking account, aggregating $2,100, all of which were indorsed by M. P. Kaler. Between June 7, 1923, and June 15, 1925, she drew checks on the Westchester Trust Company to the order of cash or M. P. Kaler in the amount of $14,967.87. All these checks were indorsed by M. P. Kaler.

The only person examined in this proceeding was Milton P. Kaler, the decedent's physician; and two neighbors, the three latter witnesses testifying to her mental condition on July 24, 1926. She died Sunday night, July 25, 1926, at ten o'clock.

The main contention arises in regard to two withdrawals from banks, one from the Yonkers National Bank and Trust Company for $17,145.84, and the other from the Westchester Trust Company for $15,926.52. The two drafts made upon their New York correspondent are dated Saturday, July 24, 1926. Saturday was a short banking day.

The doctor testified that she was taken ill a few days before, and on that day was in bed. He also testified that the coma that overcame her started Saturday night, about six o'clock, resulting in her death on Sunday night.

There was produced and offered in evidence a withdrawal slip on the Yonkers Bank and Trust Company, signed " Ella Wilson," and dated July 24, 1926. Apparently this was presented to the bank on Saturday morning by M. P. Kaler, because the withdrawal was made at that time. He had the savings department pass book. The check drawn by the bank to the order of M. P. Kaler and indorsed by him closed the account. He deposited the check that same morning to his credit in the Manufacturers Trust Company in New York city.

There was produced and offered in evidence a receipt signed " Ella Wilson " and " M. P. Kaler," exhausting the amount in the

interest department of the Westchester Trust Company. It was also dated July 24, 1926. Here, the bank draft was drawn to the order of Ella Wilson. The draft was indorsed by Ella Wilson. M. P. Kaler testified, however, that Ella Wilson never indorsed it, but that he wrote her name thereon. He wrote his own name thereon, and that same morning deposited this draft in his own bank, the Manufacturers Trust Company in New York city.

M. P. Kaler claims that this bank draft indicating a withdrawal of all funds from these two savings accounts was a gift to his wife. The question to be decided is whether the testatrix made a gift of the bank deposits to Mrs. Kaler, as claimed by the witness.

A fact of importance is that the subject of the gift was a part of the estate assets directly before her death. Among the necessary elements of a valid gift are donative intent and executed delivery. Was the gift freely and voluntarily made? The evidence offered to sustain the gift in this case is not clear, nor convincing. The gift has not been proved beyond suspicion. No presumption is created in the law in favor of gifts, but the law requires proof of intent and delivery, as well as other elements which have not been proved. (*Ridden* v. *Thrall*, 125 N. Y. 572.) The burden is on the claimant. The possession of the bank books must be accompanied by some proof of delivery, which is not present in the instant case. Possession alone is not enough. (*Matter of Brown*, 130 Misc. 865; *Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Van Alstyne*, 207 id. 298.) The proof lacks corroboration. (*Matter of Buoninfante*, 125 Misc. 907.) The claim was not proved by a preponderance of the evidence. (*Matter of Sherman*, 227 N. Y. 350.)

I find as a matter of law that the amount deposited in the Westchester Trust Company and in the Yonkers National Bank and Trust Company, and withdrawn on July 24, 1926, in the total amount of $33,092.36, belongs to the estate of the testatrix. The said Milton P. Kaler is ordered and directed to turn over said moneys to the executor of said estate.