### DOSE v. HIRSCH BROS.

(Supreme Court, Appellate Term.    December 22, 1909.)

1. PAYMENT (§ 65*)—BURDEN OF PROOF.

    The fact of payment being, in an action for money, a defense, the burden of proof thereof is on defendant.

    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 196–202; Dec. Dig. § 65.*]

2. APPEAL AND ERROR (§ 173*)—OBJECTIONS BELOW—ADDING TO GROUNDS ON APPEAL.

    Defendant, who procured dismissal of the complaint on the single ground of failure of proof of nonpayment, cannot, to sustain the judgment, rely on failure of the record to show plaintiff's appointment as administrator, at least without showing it could not have been remedied, had the point been raised at the trial.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

Appeal from City Court of New York, Trial Term.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Remegius Dose, as administrator of Herman Durselen, deceased, against Hirsch Bros. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Charles L. Apfel (Alvin C. Cass, of counsel), for appellant.

Freyer, Hyman & Jarmulowsky (Adolph Freyer and Maurice Hyman, of counsel), for respondent.

GIEGERICH, J. The plaintiff sues as administrator for the recovery of moneys alleged to have been lent by his intestate to the defendant. The complaint alleges the making of the loans and their nonpayment. The answer contains a general denial, and also sets up the defense of payment.

The plaintiff was unable to prove nonpayment at the trial, and at the conclusion of his case the defendant moved for a nonsuit, upon the ground that no cause of action had been made out, and the motion was granted. This was upon the theory that the burden was upon the plaintiff to prove nonpayment, and this was error. In an action upon a contract for the payment of money, the fact of payment is a defense, and the burden is consequently upon the defendant to establish it. The precise point was decided in this department in the case of Hicks-Alixanian v. Walton, 14 App. Div. 199, 43 N. Y. Supp. 541; and the same rule is approved by a majority of the judges of the Court of Appeals in Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028, although the point did not require decision in that case. In the case last cited the whole question is very exhaustively discussed, and the rules established by the decided cases, both upon the form of the pleadings and upon the burden of proof, are fully considered, and upon these questions, so far as they relate to actions upon contract for the payment of money, a majority of the judges expressed their concurrence with the views of Chief Judge Cullen, and sustain the case of Hicks-Alixanian v. Walton, supra, in which the point was actually decided. In view of the decision in the case last cited, we cannot follow the earlier case of Cochran v. Reich, 91 Hun, 440, 36 N. Y. Supp. 233, decided by the same court.

The respondent urges that the nonsuit was proper, because there is no evidence in the record of the plaintiff's appointment as administrator. The point was not made at the trial, and would doubtless have been remedied, if it had. After procuring the dismissal of the complaint upon the single ground of the failure to establish nonpayment of the debt, the respondent cannot, even for the purpose of sustaining the judgment, rely upon other defects in the record, at any rate not without showing that they were inherent in the plaintiff's case, and could not have been obviated if the point had been made. Isham v. Davidson, 52 N. Y. 237; Pratt v. D. H. M. F. Ins. Co., 130 N. Y. 206, 220, 29 N. E. 117.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.