CHARLES W. GAMBLE, Plaintiff, *v.* FRANK W. LEWIS, Impleaded with Others, Defendants.

(County Court, Livingston County, December, 1914.)

Pleading — foreclosure of mortgage — nonpayment. need not be shown.

Plaintiff in an action to foreclose a mortgage on real estate, containing no bond clause, need not prove nonpayment of the sum claimed to be due, but the burden of pleading and proving payment is on defendant.

ACTION for the foreclosure of a mortgage tried at a Special Term of the Livingston County Court.

Charles W. Gamble, plaintiff in person, (John F. Connor, of counsel), for plaintiff.

Edwin C. Smith (Walter A. Swan, of counsel), for defendants.

ABBOTT, J.    Upon the trial of this action plaintiff put in evidence a mortgage made by the mother of one of the defendants, Jennette Lewis. There was no bond and no bond clause in the mortgage. The mortgage, however, contained the following clauses: " The said party of the first part in consideration of the sum of Four hundred fifty ($450.00) dollars to her duly paid has sold and by these presents does grant and convey to the said party of the second part, his heirs and assigns " and the further clause " This grant is intended as a security for the payment of the sum of

Four hundred fifty ($450.00) dollars to be paid in one year from the date of this instrument with interest and this conveyance shall be void if such payment be made as herein specified.''

The mortgage sued upon in suit ran from the said Jennette Lewis who died in 1909 to the said plaintiff Gamble.

Plaintiff put in evidence on the trial of the action the mortgage in question and evidence as to the amount of interest due from the date of said mortgage, October 15, 1896, down to the date of trial.

Plaintiff then rested.

Defendant thereupon moved for a nonsuit and a dismissal of the complaint herein and for judgment of dismissal upon the following grounds:

That the plaintiff has failed to establish that there was ever any liability incurred under said mortgage; that the plaintiff has failed to establish that Jennette Lewis, the mortgagor named in said mortgage, was ever indebted to him; that the plaintiff has failed to establish that there was ever any indebtedness due and owing to him at or after the time stated in said mortgage at the time of the maturity thereof and has not produced any instrument establishing or tending to establish any indebtedness owing to plaintiff from Jennette Lewis at that time; that the plaintiff has failed to establish any specific sum of indebtedness owing to him from Jennette Lewis at any time; that the plaintiff having amended his complaint to show that no bond accompanied said mortgage was then obliged to establish an indebtedness owing to him from Jennette Lewis and has failed to do so; that the said plaintiff has failed to establish the nonpayment of the sum recited in the mortgage and has failed to establish the nonpayment of any indebtedness alleged in the complaint to be owing to him from Jennette Lewis;

that the said plaintiff has failed to establish that he is the owner of any debt owing to him from Jennette Lewis, which could or might be established or enforced in this action or any other action; that the said complaint, as amended, upon the trial does not state facts sufficient to constitute a cause of action; that the said plaintiff has failed to establish material allegations of the complaint sufficient to entitle him to maintain this action; that the plaintiff has failed to establish the alleged cause of action set forth in the complaint and amended complaint herein and has failed to establish any cause of action herein.

This is an action in equity and not at law. The statements in the mortgage above quoted constitute an implied contract between the mortgagor, Jennette Lewis, and the plaintiff, Gamble, that the said Lewis will repay to the said Gamble the sum of $450 in one year after the date of said mortgage with interest.

The plaintiff on putting said mortgage in evidence had fully proved the contract between plaintiff and mortgagor and terms of the same as stated in said mortgage, by which it appears that the time for the performance of the same according to the terms thereof had expired. It was also sufficient *prima facie* proof that plaintiff is now the owner and holder of said mortgage. This proof was supplemented by evidence as to the amount of interest due on same to days of trial. With such evidence plaintiff has fully proved his case. The nonpayment of the mortgage is an affirmative defense which plaintiff is not called upon to prove in this action.

It is the well established law in this state that in an action upon contract plaintiff need not prove the negative fact of nonpayment and that the defendant had the burden of establishing payment. *Lerche* v. *Brasher,* 104 N. Y. 157, 161.

Defendant's counsel cited and relies upon, to support

his motion for a dismissal of the complaint upon the ground that plaintiff had failed to prove nonpayment, the case of *Conkling* v. *Weatherwax*, 181 N. Y. 258.

This case does not support the contention of defendant's counsel. The point upon which defendant relies was held to the contrary in that case by a majority of the court. The Court of Appeals so construes and holds that decision in the case of *Dowling* v. *Hastings*, 211 N. Y. 200, and to the same effect are the decisions of the Appellate Division, all rendered since the decision in *Conkling* v. *Weatherwax*, in *Pace* v. *Woodside Heights Land Corporation*, 124 App. Div. 893; *Bremer* v. *Ring*, 146 id. 725; *Lynch* v. *Lyons*, 131 id. 120; *Simon* v. *Kiniro*, 139 id. 189; *Acharan* v. *Samuel Brothers*, 144 id. 184 and *Dose* v. *Hirsch Bros.*, 65 Misc. Rep. 515.

In the case of *Redmond* v. *Hughes*, 151 App. Div. 100, which is a mortgage case nearly the same as this with the exception that in that case there was a bond, the court says: " Payment is an affirmative defense, and the burden of pleading and proving the same was upon the defendants. There is nothing to the contrary in what was actually decided in *Conkling* v. *Weatherwax, supra.*"

There being in equity in this case an implied contract to repay the amount of the mortgage by the mortgagor according to the terms thereof this case is brought within the law, as stated in the cases above cited and plaintiff was not compelled to prove nonpayment in this case to make out his cause of action.

None of the other grounds urged by defendant's counsel entitle him to a nonsuit or a dismissal of plaintiff's complaint.

Judgment must be ordered for plaintiff upon his motion.

Judgment for plaintiff.