## FOX v. QUEENS COUNTY SALES CO., Inc.

District Court, E. D. New York.
May 20, 1931.

M. Carl Levine, of New York City (David Morgulas, of New York City, of counsel), for plaintiff.

Charles E. Switzer, of Lynbrook, L. I., N. Y., for second mortgagee.

MacNeill & MacNeill, of Hempstead, N. Y., for Hempstead Bank.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

INCH, District Judge.

Plaintiff, pursuant to section 3207 of the Revised Statutes (Title 26, § 136, USCA)

after duly obtaining leave to do so, filed this bill in chancery, for a final determination of all claims to, or liens upon, the real estate in question.

Plaintiff is a first mortgagee. Her mortgage of $3,150 was made by the defendant Queens County Sales Company, March 31, 1927, and duly recorded April 7, 1927. She owns it by means of assignments also duly recorded. The second mortgage, to defendant Stark, for $3,500, was made May 17, 1927, and duly recorded May 20, 1927. This was also made by the defendant Queens County Sales Company.

About six months after plaintiff's mortgage was given and on September 29, 1927, the government filed a judgment against the property for $1,362.82 representing an unpaid income tax.

Both of the above mortgages therefore are prior, in date of filing, to said judgment.

There certainly can be no presumption that these mortgages were subterfuges to avoid paying the said tax. There is nothing to even indicate such a state of affairs.

While there is apparently very little law, in the shape of reported cases, on this section, the procedure to be followed will be that found in Sherwood et al. v. United States (D. C.) 5 F.(2d) 991, an opinion of Judge Campbell's.

In this Sherwood Case the mortgage in question apparently was not disputed, and being prior to the lien of the United States, the property was ordered sold and payments from the proceeds of such sale were to be made as therein stated.

In the case before me the mortgages are also found to be prior in time and so far as I can see are not disputed and a prima facie case of their validity has been made.

In fact, the government has indicated nothing to offset the proof that the mortgages were duly made and recorded and have not been paid.

In the case of United States v. Rindskopf, Fed. Cas. No. 16,166, the question of the validity of the mortgage was not gone into.

While the statute in question directs the court to adjudicate all matters involved therein, and finally determine the *merits* of all claims or liens upon the real estate in question, proper procedure requires that such determination proceed in some orderly way, assuming that the burden of proof is on the petitioner to show a prima facie case of a valid mortgage.

In order to determine the priority of the liens, due weight should be given to the production of a mortgage, regular on its face, duly acknowledged, and recorded. 27 Cyc. 1617; 32 Cyc. 1369, subd. E.; Gamble v. Lewis, 88 Misc. Rep. 139–141, 151 N. Y. S. 778; Deck v. Whitman (C. C.) 96 F. 873.

This does not mean that the court is limited to the bare requirements of a foreclosure suit in a state court, for if inferences arise or facts are proved by cross-examination or otherwise from which it may appear that a prior lien is not one made in good faith but is a mere subterfuge, then the burden remains upon the one asserting that it is a valid prior lien to further prove that this is true.

Where no such indication or inference appears in the record and a prima facie case of validity and nonpayment is made, it would seem to me both unsettling in the real estate field and also imposing an unnecessary burden on the holder of a mortgage to require further, as a part of his prima facie proof, all the details surrounding the original making of the mortgage.

Accordingly, plaintiff is entitled to a decree directing the sale of the property, etc., in the form indicated in the Sherwood Case, supra, all costs on the petition and the bill to be borne and paid by the plaintiff.