In the Matter of the Estate of ISRAEL L. KIMMEY, Deceased. HARVEY B. KIMMEY et al., as Executors of ISRAEL L. KIMMEY, Deceased, Respondents; CLARENCE P. KIMMEY, Appellant.

Third Department, January 7, 1948.

*Eugene J. Steiner* for appellant.

*Newton B. Van Derzee, Jr.,* for Harvey B. Kimmey and Newton B. Van Derzee, Jr., as executors, etc., respondents.

*Dugan, Barkhuff & Dugan* for Mary K. Spellman, individually and as administratrix, etc., of W. Howard Spellman, deceased, respondents.

RUSSELL, J. This is an appeal on the law and facts by Clarence P. Kimmey, from the decree of the Surrogate's Court of Albany County, entered in the Office of the Clerk of said Surrogate's Court on the 28th day of May, 1947, in a discovery proceeding instituted by Harvey B. Kimmey and Newton B. Van Derzee, Jr., as sole surviving executors of the last will and testament of Israel L. Kimmey, deceased, against said appellant and his wife, Mildred C. Kimmey, for the discovery of personal property alleged to belong to the estate of said decedent.

Israel L. Kimmey died on the 11th day of January, 1946, leaving a last will and testament dated September 25, 1944, which was admitted to probate by the Surrogate's Court of Albany County, January 18, 1946. The will named the respondents and W. Howard Spellman executors thereof. Letters testamentary were issued to said three executors, all of whom qualified. Thereafter, and on December 20, 1946, W. Howard Spellman died intestate and Mary K. Spellman, his widow, was appointed administratrix of his estate.

The personal property, at issue in this proceeding, consisted of six promissory notes made by Clarence P. Kimmey payable to the order of said Israel L. Kimmey on demand with savings bank interest between December 3, 1936, and January 2, 1940.

The appellant and his wife testified that in the month of February, 1939, the decedent at his home in the village of Altamont, New York, handed an envelope to Clarence P. Kimmey containing the first four notes, which amounted to $35,000, and said " put it in your safe deposit box, and if Elizabeth passes before I do, consider it a gift." Elizabeth, the wife of the decedent, died on January 3, 1943.

Clarence P. Kimmey testified that the decedent handed back to him the fifth note for $3,000 dated June 30, 1939, and said " put it with the others." He also testified that the decedent

handed back the sixth note for $5,000 dated January 2, 1940, a couple of weeks after, with the same direction as with respect to the fifth note.

The appellant's evidence reveals that the four notes in the envelope and the other two notes remained in the appellant's safe deposit box until about the time he destroyed them. He destroyed them in October or November, 1944, by burning them in the fireplace in Altamont on which occasion his wife was the only one present. The appellant, Clarence P. Kimmey, paid interest on $38,000 of the notes until July 1, 1943. On the last note of January 2, 1940, he paid interest until February, 1944, and also made a principal payment thereon of $1,600. The last payment of principal on that note was after the death of Elizabeth Kimmey, wife of the decedent.

It is well settled in this State that " He who attempts to establish title to property through a gift *inter vivos* as against the estate of a decedent takes upon himself a heavy burden which he must support by evidence of great probative force, which clearly establishes every element of a valid gift, viz., that the decedent intended to divest himself of the title in favor of the donee and accompanied his intent by a delivery of the subject matter of the gift." (*Matter of O'Connell,* 33 App. Div. 483; *Matter of Schroeder,* 113 App. Div. 204, 210; 2 Heaton on Surrogates' Courts [4th ed.], p. 1862.)

The evidence fails to show that there was an intent upon the part of Israel L. Kimmey to vest the title of the notes at once in Clarence P. Kimmey. The provisions of the testator's last will and testament clearly indicate that it was not his intent to vest title of the notes in the appellant. In his will, which was dated September 25, 1944, he bequeathed to W. Howard Spellman the promissory notes due and owing to him made by Clarence P. Kimmey. " The essential element of a gift *inter vivos* is delivery by the donor of the subject of the gift with intent to at once vest title thereto in the donee. Mere words of gift are not enough, for the owner must part with possession and control before the gift can take effect. There must be an intent to make the gift *in præsenti,* because a gift to take effect *in futuro* is void as a promise without consideration." (*Gannon* v. *McGuire,* 160 N. Y. 476, 481; *Matter of Green,* 247 App. Div. 540, 544.)

The appellant's evidence fails to establish a gift *inter vivos.* The decree of the Surrogate should be affirmed, with costs.

HILL, P. J., HEFFERNAN, FOSTER and DEYO, JJ., concur.

Decree affirmed, with costs.