In the Matter of the Accounting of JAMES GORDON, as Administrator of the Estate of ROSE GORDON, Deceased. SUSAN WAGNER, Appellant; JAMES GORDON, Respondent.

First Department, October 25, 1962.

166

*Isidore Minkin* of counsel (*Kurzman & Frank,* attorneys), for appellant.

*William Power Maloney* for respondent.

*Per Curiam.* This is an appeal by a distributee and objectant from a decree of the Surrogate's Court rendered on an intermediate accounting of an administrator. By virtue of objections interposed on the accounting, issues were raised as to the validity of alleged gifts *inter vivos* by the decedent to the respondent (administrator and son of decedent) of approximately $15,000 in face amount of United States Government " E " and " F " Bonds and of a certain $4,500 savings and loan association account. The Surrogate, following a trial of the objections, and the taking of testimony and other evidence, merely held that, " [t]he administrator has established the gifts to him by clear and convincing evidence ", and did not make any findings upon the evidence or state the conclusions of law to support his decision. It is true that he was not required to make findings of fact or to state his conclusions as to the law (Surrogate's Ct. Act, § 71), but in this case such findings and conclusions would have been very helpful in throwing light upon his determination which, on the record here, is seemingly contrary to law and the weight of the evidence.

The decedent, at the time of the alleged gifts, was an 81-year-old woman, suffering from congestive heart failure and a partial stroke, and had been removed to a hospital at the direction of the respondent, her son. He was a physician and on the staff of the hospital in which she was finally placed. The respondent would see her twice a day while she was in the hospital and he testified that she was under his care and treatment. The gifts were alleged to have been consummated while she was first confined at the hospital, and though additional proof was apparently available, it is not clear what her mental condition was at this time. It does appear that on December 1 and 2, 1957 (the gift of the $4,500 account was allegedly effected on December 2 and 3) she received sedatives from time to time and was confused and incoherent. Under the circumstances, the respondent bore a heavy burden in the matter of proving the alleged gifts and especially was bound to present clear and satisfactory evidence establishing a donative intent. (See *Matter of Kimmey,* 273 App. Div. 142; *Matter of Schroeder,* 113 App. Div. 204, 210.)

On the record as a whole, it is not clear that the mental condition of the decedent was such on the precise occasions of the alleged giving that she was capable of formulating and carrying out an intent to presently divest herself of ownership of the

several items. Moreover, the existence of the necessary donative intent on the part of the decedent rests principally upon the testimony of the respondent which, on the record here, is not satisfactory in its essential details. Here, the respondent donee, closely related to the donor, since deceased, stood in a confidential relationship to her; and, although it is clear that corroboration of his testimony or supporting evidence was not required as a matter of law (*Matter of Sherman,* 227 N. Y. 350; *Matter of Presender,* 285 App. Div. 109, 117), we find his testimony on this record to be less than the clear and convincing evidence required to establish the primary element of intent necessary to sustain the gifts *inter vivos.* (See *Bowron* v. *De Selding,* 105 App. Div. 500, 502; *Reoux* v. *Reoux,* 3 A D 2d 560, 562, affd. 4 N Y 2d 1022; *Allen* v. *La Vaud,* 213 N. Y. 322, 326, 327.) Particularly, here, the evidence concerning the alleged gifts of the United States Government Bonds or of proceeds thereof, is unsatisfactory. Concededly, there was a failure to comply with Treasury regulations in effecting the transfer or cashing of the bonds. Under such regulations, the title to the United States Government '' E '' Bonds, as such, could not be presently transferred by gift *inter vivos* (see Ann. 40 A. L. R. 2d 793, n. and cases cited; cf. *Matter of Presender, supra*). In any event, it was the respondent's position here that the decedent made a gift of the proceeds thereof, not the bonds themselves, but his testimony of the alleged gift of such proceeds is not at all convincing.

Under the circumstances, and in the interests of justice, there should be a new trial, and we believe that it is desirable that there be a jury trial, and so direct. (See Surrogate's Ct. Act, §§ 68, 309; *Matter of Satterlee,* 281 App. Div. 251; *Matter of Allaway,* 187 App. Div. 87.)

We conclude, however, that there is insufficient ground to warrant the removal of the administrator. (Surrogate's Ct. Act, § 99.)

The decree, entered July 5, 1961, insofar as it judicially settles the intermediate account of the administrator, dismisses the objections of appellant and discharges the administrator from all matters embraced in said accounting, should be reversed on the law and the facts, with costs to abide the event, and a new trial ordered before a jury of the issues raised by the said objections of the appellant to the extent that the same were not withdrawn; and the decree should be otherwise affirmed, and costs shall abide the event. Settle order on notice.

RABIN, J. P., VALENTE, McNALLY, EAGER and STEUER, JJ., concur.

Decree, insofar as it judicially settles the intermediate account of the administrator, dismisses the objections of appellant and discharges the administrator from all matters embraced in said accounting, unanimously reversed on the law and the facts, and a new trial ordered before a jury of the issues raised by the said objections of the appellant to the extent that the same were not withdrawn; and the decree is otherwise affirmed, with costs to abide the event.  Settle order on notice.