■ In the Matter of LAWRENCE C. CONNERS, as Preliminary Executor of CATHERINE V. R. HARTER, Deceased, Respondent-Appellant. MARJORIE ZABRISKIE, Appellant-Respondent.— AULISI, J. In this proceeding instituted pursuant to section 205 of the Surrogate's Court Act to determine the ownership of moneys in certain bank accounts the respondent, Marjorie Zabriskie, appeals from

an order of the Surrogate's Court of the County of Rensselaer entered on September 25, 1964, granting petitioner's motion to set aside the verdict of the jury and for a new trial. The petitioner cross appeals from an order of said court entered October 23, 1964, which denied his motions for judgment in his favor and for judgment dismissing the Zabriskie claim. Mrs. Zabriskie urges that the handing to her by the decedent of five savings account bankbooks on June 6, 1962, while the latter, then 74 years of age, was a patient in the Albany Medical Center Hospital, constituted a gift. The moneys in the accounts aggregated about $45,000 and represented a substantial part of Mrs. Harter's possessions. It is contended by petitioner that the bankbooks were given to respondent only for safekeeping. A gift is never assumed. To establish a gift *inter vivos* there must be an intention to make a gift, completed delivery pursuant to that intention and acceptance by the donee of the gift. The burden of sustaining a claim of gift rests upon the party claiming the gift. (*Matter of Kelly*, 285 N. Y. 139, and cases therein cited.) We see no reason to disturb the orders of the Surrogate's Court. Upon the record before us, it is our belief that the proof here is less than the clear and convincing evidence required to establish the primary element of intent to sustain the claimed gift *inter vivos*. As we said in *Matter of Kaminsky* (17 A D 2d 690, 691) : " The rule long ago announced and often reiterated is that ' He who attempts to establish title to property through a gift *inter vivos* as against the estate of a decedent takes upon himself a heavy burden which he must support by evidence of great probative force, which clearly establishes every element of a valid gift '." (*Matter of O'Connell*, 33 App. Div. 483; *Matter of Kimmey*, 273 App. Div. 142; see, also, *Rosseau* v. *Rouss*, 180 N. Y. 116, 121.) Therefore, we conclude that the Surrogate properly set aside the verdict of the jury and ordered a new trial. Orders affirmed, with costs to parties filing briefs payable out of the estate. Herlihy, J. P., Reynolds, Taylor and Hamm, JJ., concur. [43 Misc 2d 1027.]