In the Matter of PHILIP N. KLEINBERG, as Executor of JESSIE LANG, Deceased, Respondent, *v.* HARRIET HELLER, Appellant.

First Department, October 24, 1974.

*Allen H. Weiss* of counsel (*Shedler, Weiss & Kozupsky,* attorneys), for appellant.

*Sidney Schutz* of counsel (*Julius Weiss,* attorney), for respondent.

LUPIANO, J. In this discovery proceeding commenced by the executor of the estate of Jessie Lang against Harriet Heller, survivor-tenant of a joint savings account, the survivor-tenant appeals from so much of the decree of the Surrogate's Court, Bronx County (GELFAND, S.), entered April 24, 1974, which adjudged and decreed that Harriet Heller pay to the executor money she withdrew from the joint savings account in excess of her moiety during the lifetime of the decedent Jessie Lang.

The Surrogate observed as follows (76 Misc 2d 636): "Decedent died on March 31, 1972 at the age of 91. Until October, 1968, she occupied an apartment jointly with her daughter. In that month her daughter died and decedent continued to occupy the apartment alone until August 20, 1970 * * * From August 20, 1970 until her death decedent was a resident of a nursing home * * * At a date which was never definitely established by either party at the hearing, decedent opened a savings account at the Bankers Trust Company with the respondent niece [Harriet Heller] as a joint tenant with right of survivorship. The testimony does suggest that this account was opened at sometime during 1969. Respondent [Harriet Heller] conceded that on August 31, 1970, she withdrew $1,094.90 from this joint account * * * Respondent further conceded that in March, 1971, she withdrew the sum of $5,469.89, the then entire balance in the Bankers Trust Company account, and transferred it to an account in the name of herself and her husband, as joint tenants. All of the funds in the joint account were deposited therein by the decedent. Absolutely no evidence was adduced at the hearing to in any way impugn the presumption in favor of respondent's joint tenancy created by section 675 of the Banking Law."

The crucial issue in this proceeding is the effect of the withdrawal of more than one half of the funds in a joint savings account during the lifetime of both joint tenants upon the surviving tenant who withdrew such funds. The well-reasoned and comprehensive analysis by Surrogate SOBEL in *Matter of Filfiley* (63 Misc 2d 824, affd. on the opinion of the Surrogate in 43 A D 2d 981 [2d Dept., 1974]) is dispositive of this issue. In that case, it is declared (pp. 829–830): "there are no circumstances in which the survivor will be entitled to less than the whole fund where one of the tenants has withdrawn more than his moiety *and* the right of survivorship has vested in either one of them since a withdrawing joint tenant can only suffer a forfeiture to a survivor in whom that right has vested. In short, after a right of survivorship has vested, there should in

legal theory never be a recovery of half the fund or the excess over the moiety. *The survivor must take all.* Only while both joint tenants are still living may the recovery be for the excess over the moiety withdrawn.'' Since more than a moiety is unilaterally inalienable by either joint tenant, withdrawal of the whole fund is a nullity (see *Matter of Suter,* 258 N. Y. 104 [1932]). On this record, the Surrogate has specifically concluded that a joint tenancy was intended as to the account under consideration herein. This is a critical finding (see *Matter of Bricker* v. *Krimer,* 13 N Y 2d 22 [1963]; *Matter of Porianda,* 256 N. Y. 423 [1931]).

Accordingly, the statutory provision for a joint tenancy relationship in respect of joint bank deposits impels the conclusion that the surviving joint tenant, Harriet Heller, did not effect a termination of the joint tenancy in respect of the excess of her moiety. The decree should be reversed on the law, without costs or disbursements, and the petition dismissed.

KUPFERMAN, J. (concurring). The determinative facts are not in dispute. The decedent, prior to entering a nursing home at an advanced age and after the death of her daughter, opened a joint account with right of survivorship with her niece, the funds for which came solely from the decedent. There is no allegation of any undue influence on the niece's part, and, without regard to the funds in the joint account, the decedent left a fairly substantial estate, virtually all of which went to charity. Prior to decedent's death, the niece withdrew the entire balance of $5,469.89 from the joint account. If she had not withdrawn the money, it would later have been hers by right of survivorship.

The only question raised, which led to the Surrogate's decree that the niece pay to the executor that part of the joint account withdrawn in excess of her moiety, is the wrongfulness of the withdrawal without the consent of the joint tenant. The Surrogate relied upon a dictum in *Matter of Bricker* v. *Krimer* (13 N Y 2d 22 [1963]). There is a contrary view expressed by Surrogate SOBEL in *Matter of Filfiley* (63 Misc 2d 824, affd. on opn. of Surrogate in 43 A D 2d 981 [2d Dept., 1974]).

In my view, it is unnecessary to engage in a semantic discussion over which approach is correct, analyzing subdivision (a) of section 675 of the Banking Law on joint deposits and the meaning thereof, the question of the Dead Man's Statute, CPLR 4519; etc. Inasmuch as there is no dispute that the money would have belonged to the niece if she had left it in the account, and the decedent never took or attempted to take

any action to change the situation prior to her death, the niece should be entitled to the full amount in the account as if it had remained there, and her premature withdrawal matters not.

MARKEWICH, J. P., concurs with LUPIANO, J.; KUPFERMAN, J., concurs in a separate opinion; MURPHY and TILZER, JJ., dissent and vote to affirm on the opinion of the Surrogate.

Decree, Surrogate's Court, Bronx County, entered on April 24, 1974, so far as appealed from, reversed, on the law, without costs and without disbursements, and vacated, and the petition dismissed.