■ STANLEY ISAACSON, Respondent, v KENNETH KARPE et al., Defendants, and GWENDOLYN KIRSNER, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered December 9, 1980 in Ulster County, which confirmed a referee's report in a mortgage foreclosure action and directed sale at public auction. Plaintiff, on September 30, 1976, purchased an existing purchase-money mortgage executed June 22, 1970 by one Kenneth Karpe and his wife Robin to Rosamond B. Hoffstatter in the face amount of $25,400, with a balance owing of $16,994.86. On December 13, 1976, he commenced an action to foreclose in which defendant Kirsner appeared and answered. Kirsner is the record owner of the subject property, having gained title upon foreclosure of a junior second mortgage. Kirsner's motion to dismiss the complaint alleging champerty was denied and plaintiff's cross motion to permit service of a supplemental summons and amended complaint on additional necessary parties was granted. Subsequently, Special Term, by order dated August 3, 1979, in granting plaintiff's motion for summary judgment, dismissed Kirsner's amended answer (no other defendant answered or raised objections to the amended complaint), directed entry of judgment in favor of plaintiff, and appointed a referee to compute the amount due to plaintiff and to report whether the mortgaged premises could be sold in parcels. On December 9, 1980, Special Term granted judgment confirming the referee's report, awarded plaintiff $34,199.51, and directed sale of the mortgaged premises at public auction. Defendant has appealed. Essentially, defendant contends that the referee erred in basing his report on plaintiff's oral testimony concerning the amount due on the mortgage without documentary proof. A referee is authorized to consider both documentary and oral evidence in computing the amount due on the mortgage (RPAPL 1321; 15 Carmody-Wait 2d, NY Prac, § 92:198, pp 105-106; see *Wolcott v Weaver,* 3 How Prac 159). The introduction of the bond and mortgage and of the assignment thereof into evidence establishes a prima facie case of ownership and nonpayment (15 Carmody-Wait 2d, NY Prac, § 92:208, p 118; see *Gamble v Lewis,* 88 Misc 139). The record

demonstrates admission into evidence of the bond and mortgage dated June 22, 1970, the assignment dated September 30, 1976, and several receipts for payment of real property taxes by plaintiff. Further, plaintiff testified under oath as to the principal balance due on the mortgage, accrued interest, and payment of unpaid taxes by him. The sole issue on this appeal is whether any alleged error by the referee in accepting plaintiff's unsupported testimony as to the unpaid principal balance was preserved for review upon this appeal. Defendant made neither objection thereto nor motion to strike plaintiff's testimony. Rather, defendant raised the sufficiency of such proof for the first time in her opposition to plaintiff's motion to confirm the referee's report. Failure to timely object, or move to strike otherwise inadmissible evidence is fatal (CPLR 4017; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.03) and places such error beyond the scope of review upon appeal (CPLR 5501, subd [a], par 3; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.05). Any objections which defendant might have interposed to the introduction of plaintiff's evidence were waived by her failure to make such objections at the hearing before the referee (*Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp.*, 56 AD2d 909, mot for lv to app den 42 NY2d 807). Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.