■ In the Matter of GEORGE BYRNES, as Conservator of PAULINE BYRNES, Conservatee, Respondent; ALBERT SILVESTRO, Appellant. — In a turnover proceeding, Albert Silvestro appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated October 15, 1980, as, after a nonjury trial, directed him to turn over to the conservator the proceeds of certain bank accounts, with accrued interest. Order reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the first decretal paragraph (subdivisions one through four) is deleted and the following is substituted therefor: "ORDERED that respondent ALBERT SILVESTRO a/k/a ALBERT C. SILVESTRO; 1. Forthwith turn over one half the proceeds with accrued interest held in account No. 3-157441 at the LONG ISLAND SAVINGS BANK in the name of ALBERT C. SILVESTRO to an account to be opened in the LONG ISLAND SAVINGS BANK in the name of GEORGE BYRNES, as Conservator for PAULINE BYRNES and the LONG ISLAND SAVINGS BANK is directed to take all necessary steps to comply with the aforementioned order and the stay heretofore granted is vacated to the extent required to effectuate the foregoing order. 2. Turn over to the Conservator an amount equal to one half the principal with accrued interest as of the date of closing of EUROPEAN AMERICAN BANK account No. 051-015025, with six (6%) interest from the date of closing, 11/28/79, to the date of turn over. 3. Turn over to the Conservator one half the proceeds with accrued interest held in account No. 051-015026 of EUROPEAN AMERICAN BANK and the EUROPEAN AMERICAN BANK is directed to take all necessary steps to comply with this order and the stay heretofore granted is vacated to the extent required to effectuate this turnover. 4. Turn over to the Conservator one half the proceeds with accrued interest held in account Nos. 13-9298573 and 13-9289083 of BOWERY SAVINGS BANK and the BOWERY SAVINGS BANK is directed to take all necessary steps to comply with this order and the stay heretofore granted is vacated to the extent required to effectuate this turnover; and it is further". In this turnover proceeding, the conservator George Byrnes, the son of the conservatee, seeks to recover from the appellant, a brother of the conservatee, certain sums of money in the form of five savings bank accounts in the names of the conservatee and her brother. Four of the accounts are conceded to be in the form required by the Banking Law (see Banking Law, § 675, subd [a]). Contrary to the finding by the trial court, the Long Island Savings Bank account in the names of the conservatee and the appellant is also a joint account in the statutory form and the prima facie presumption of the Banking Law applies (see Banking Law, § 675, subd [b]). In order that the statutory presumption may take effect, the form of the deposit, as made, must have been sanctioned by the owner of the moneys directed to be deposited (*Matter of Fenelon*, 262 NY 57, on rearg 262 NY 308). It is clear from the bank records that on February 13, 1958, the conservatee directed or acquiesced in the making of the deposit in a "joint account * * * withdrawals * * * to be made by either or the survivor". Petitioner concedes that appellant's withdrawals in November, 1979 of the funds on deposit in the Long Island Savings Bank account and in a second bank account during the lifetime of the conservatee are not sufficient to rebut the statutory presumption. The trial court's finding with respect to the four concededly joint accounts that the statutory presumption was rebutted is not warranted. Further, on this record the evidence is insufficient to rebut the presumption with respect to the account in the Long Island Savings Bank. However, we agree with the trial

court that the appellant has not met the burden of showing that a gift of the bank accounts at issue was made to him in late September, 1979. As to each of the three accounts from which no withdrawal was made, appellant had the right during the lifetime of the conservatee to his moiety, or one half, of the deposit and an inchoate interest in the whole contingent on his survivorship. However, as to the two accounts from which the appellant withdrew more than his moiety during the lifetime of the conservatee without establishing that the withdrawals were either with her consent or for her benefit, appellant's right of survivorship was destroyed (*Matter of Kleinberg v Heller,* 38 NY2d 836, revg 45 AD2d 514 on the opn of Surrogate Gelfand; *Matter of Lang,* 76 Misc 2d 636; *Matter of Bricker v Krimer,* 13 NY2d 22). We note that we have reviewed the order of the trial court without regard to the death of the conservatee, which occurred after that order was made. Accordingly, nothing contained herein should be read to diminish any rights that appellant might have as survivor of the conservatee with respect to the three accounts from which he made no withdrawal. Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.