■ AMELIA PAYNE, Appellant, v MARGE WHITE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered November 7, 1983 in Schenectady County, which partially granted defendants' motion to dismiss the complaint. ¶ At the time the complaint was filed, plaintiff was an 82-year-old childless widow. She had developed a close and confidential relationship with her niece and the latter's husband, defendants herein, upon whom she had come to rely almost totally for companionship and care. The ultimate rupture of that relationship in the summer of 1980 gave rise to this action. Special Term dismissed plaintiff's first, second, third, sixth and seventh causes of action for failure to state a cause of action. We will discuss these dismissals seriatim. ¶ Initially, we affirm Special Term's dismissal of plaintiff's first cause of action. There she alleged that she gave defendants $10,000 in June, 1978, which they had informed her they planned to invest in a Ramada Inn to be built in Atlantic City. The money was never so invested nor was it ever returned to plaintiff. Special Term was correct in concluding that these allegations do not constitute the requisite elements for the imposition of a constructive trust. To establish a constructive trust, a

plaintiff must allege: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment (*Bankers Security Life Ins. Soc. v Shakerdge,* 49 NY2d 939, 940). Here, plaintiff failed to allege that defendants had made her a *promise* which induced her to give them the money. Accordingly, this cause of action, sounding in constructive trust, was properly dismissed with leave to replead. ¶ However, Special Term erred in its dismissal of plaintiff's second cause of action, sounding in conversion. There plaintiff alleged that defendant Marge White withdrew, without plaintiff's permission, the entire balance of their joint checking account, amounting to $6,888.81. Plaintiff stated that she established this account in both their names so that defendant could do plaintiff's banking for her in the event that plaintiff became disabled. Special Term based its dismissal of plaintiff's cause of action for the return of this money on the rule that conversion lies only as to "identifiable" property, concluding that the funds in question here were insufficiently identifiable. However, as the court noted, money can be the subject of a conversion action when it can be identified and segregated as a chattel can be (citing *Marine Midland Bank v Russo Produce Co.,* 65 AD2d 950, 952, mod 50 NY2d 31). In the instant matter, the funds in question were clearly identifiable as the proceeds of a specific named bank account. Accordingly, Special Term's reasoning is erroneous. Conversion causes of action have been unhesitatingly recognized in cases involving the unauthorized withdrawal of more than his share of the funds from a joint account by a cotenant (see *Matter of Kleinberg v Heller,* 38 NY2d 836; *Matter of Byrnes,* 85 AD2d 601, app withdrawn 56 NY2d 593). More specifically, in the case of *Herwick v Stiehl* (68 Misc 2d 850), an action was entertained for the return of the entire amount withdrawn from a joint account by a cotenant where, as plaintiff alleges here, "the joint account was created as a matter of convenience with no intention of conferring a beneficial interest upon the codepositor" (*id.,* at p 852). Accordingly, we hold that plaintiff's second cause of action was clearly a valid one and was erroneously dismissed by Special Term. ¶ Special Term also erred in its dismissal of plaintiff's third cause of action, wherein she based another claim sounding in conversion of her allegation that one or both defendants forged her name on a check in order to withdraw the entire balance of her checking account. The court again based its dismissal of the cause of action on the unidentifiability of the funds in question. However, as noted above, the funds at issue here were clearly identifiable as the balance of a specific bank account. Further it is well settled that a person entitled to a bank deposit which has been paid to another person without authority (e.g., as the result of forgery) has a cause of action against the latter for the money thereby received or, in the alternative, against the bank (9 NY Jur 2d, Banks and Financial Institutions, § 326, p 562; see Banking Law, § 676). Accordingly, Special Term erred in its dismissal of plaintiff's third cause of action. ¶ However, Special Term was correct in its dismissal of plaintiff's sixth cause of action. There she alleged that she moved to Florida in reliance upon defendants' promise that they would make a home for her there with them for the rest of her life. However, after she refused defendant Robert White's request that she pay off the mortgage on defendants' new home, he allegedly became "enraged", forcing her to move back to this State. Plaintiff demands in this cause of action repayment for the $7,000 in moving expenses which she incurred as a result of defendants' actions. Since there is no legally cognizable theory upon which plaintiff can recover these expenses, the cause of action was properly dismissed. ¶ We also concur with Special Term's dismissal of the seventh cause of action on the ground that it constitutes a recapitulation of allegations previously set forth in the complaint. ¶ Order modified, on the law, without costs, by reversing so much

thereof as dismissed plaintiff's second and third causes of action, said causes of action are reinstated, and, as so modified, affirmed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.