■ GLORIA J. VAN VALEN, Also Known as GLORIA J. FERRARO, Respondent, v MICHAEL A. FERRARO et al., Appellants.— Levine, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 5, 1984 in Broome County, upon a decision of the court at Trial Term (Tait, Jr., J.), without a jury.

In 1979, plaintiff and her former husband, owners as tenants by the entirety of a two-family home located at 702 Chenango Street, Port Dickinson, Broome County, were involved in a potentially risky business venture and devised a plan whereby plaintiff's brother and sister-in-law, Michael and Robin Ferraro (hereinafter defendants), would act as straw persons for plaintiff and her former husband in obtaining additional funds through mortgaging the property in defendants' name. Pursuant to the plan, plaintiff and her former husband conveyed the property to defendants for an agreed-upon purchase price of $41,500. Defendants obtained a mortgage on the property from the Binghamton Savings Bank for $33,200. These proceeds were paid over to plaintiff and her former husband, and they continued to live on the premises and remitted monthly rental to defendants to cover the mortgage installments, including principal, interest and property taxes. Additionally, plaintiff and her former husband advanced defendants the $1,688.81 in closing costs and agreed to pay water and sewerage charges, and insurance, utilities and maintenance costs.

Subsequently, plaintiff and her former husband encountered marital difficulties and defaulted on these payments. As a result, defendants began to incur expenses in maintaining the property and, in August of 1982, unilaterally sold it for $49,000. After learning of the sale, plaintiff brought this action on an unrecorded second mortgage and bond, allegedly executed by defendants in May of 1979, representing the difference between the 1979 $41,500 purchase price of the house and the $33,200 first mortgage entered into by defendants, plus the $1,688.81 in closing costs advanced to defendants. Defendants denied having signed the bond or mortgage and claimed a setoff for numerous alleged bills and repairs

undertaken by them. Trial Term found for plaintiff and denied defendants' setoff, noting that defendants had realized a $14,500 profit which far exceeded the expenses established.

On appeal defendants urge that the verdict rendered was unwarranted and excessive and that the weight of the evidence supported their testimony that their signatures were forged. We disagree. Under UCC 3-307 (1), there is a rebuttable presumption that defendants' signatures are genuine. Here, defendants' rebuttal of the presumption consisted in a simple denial that they had signed the bond and mortgage. They offered no expert testimony and did not submit samples of their signatures. The Judge at Trial Term found their testimony to be incredible. Although on appeal from a judgment in a nonjury trial this court may weigh the evidence anew, when the issue is primarily one of credibility, deference should be accorded the findings of the Trial Judge, who was in a better position to assess the truthfulness of the witnesses *(Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723; *Huertas v State of New York,* 84 AD2d 650, 651). Additionally, the Trial Judge compared the signatures on the mortgage and bond with concededly genuine signatures and was convinced of their authenticity *(see, Felt v Olson,* 51 NY2d 977, 978; *see also,* CPLR 4536). We are similarly unpersuaded by defendants' contention that the award was excessive, since the purchase price obtained by them exceeded the aggregate amounts of the first and second mortgages and any expenses they established. Accordingly, the judgment should be affirmed.

Judgment affirmed, with costs. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.