■ MARIA SANCHEZ, Respondent, v KATO, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered June 12, 1984, which, upon a jury verdict finding damages in the sum of $187,675, which was reduced by 57.5%, the percentage attributable to plaintiff's negligence, awarded plaintiff $79,761.88.

Judgment reversed, on the facts and as an exercise of discretion, with costs, and new trial granted on the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon with notice of entry, plaintiff shall serve and file with the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $50,000, of which plaintiff shall receive 42.5%, or the principal sum of $21,250, and to entry of an amended judgment accordingly. In the event that plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

Defendant objects to the granting of a unified trial in this negligence action, but failed to make its objection known until after the evidence on both liability and damages had been heard. Failure to timely object to an error when the error, if one exists, could be cured, is a waiver of that objection *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4017.03; *cf. Isaacson v Karpe*, 84 AD2d 868). Defendant had ample opportunity to object to a unified trial before any witnesses were heard.

The verdict, however, was excessive to the extent indicated. Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.