■ JAMES D. KEAHON, Respondent, v ALBERT SPINELLI, Appellant.—In an action to foreclose a mortgage the defendant appeals from a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated March 17, 1987, which, after a nonjury trial, is in favor of the plaintiff and against him. The notice of appeal from the decision and order dated June 10,

1986, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff introduced evidence of the existing mortgage agreement and testified that a balance was due in the amount of $60,000, thereby establishing a prima facie case of nonpayment *(see, Isaacson v Karpe,* 84 AD2d 868). The evidence shows that, normally, the defendant made payments of either $462 or $500 when the installments became due. However, the defendant claims that four payments were made totaling $55,000 in increments of two $10,000 payments, one $15,000 and one $20,000 payment. The defendant testified, *inter alia,* that the plaintiff informed him that the debt was satisfied. The plaintiff denied this. Thus, a sharp issue of credibility existed.

Where, as here, the issue is primarily one of credibility, deference is accorded to the Trial Judge's findings of fact since he is in a better position to assess the truthfulness of the witnesses *(see, Van Valen v Ferraro,* 114 AD2d 621; *Umscheid v Simnacher,* 106 AD2d 380). Here, the Trial Judge found that the testimony of the defendant that he paid the debt was unworthy of belief since there was "not the slightest showing that [he] had sufficient assets or income to make such large lump sum payments". Accordingly, since the plaintiff has made out a prima facie case of nonpayment and the defendant's testimony as to payment was determined to be incredible, the plaintiff has sustained its burden to show nonpayment by a preponderance of the credible evidence *(see,* Richardson, Evidence § 103, at 82-83 [Prince 10th ed]; 44 NY Jur, Payment, § 156).

The defendant's remaining contentions have been considered and have been found to be without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.