■ PEOPLES WESTCHESTER SAVINGS BANK, Plaintiff, v JOHN B. PARRY et al., Respondents, and ETHEL BERNER, Appellant.— In a surplus money proceeding, the defendant Ethel Berner appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered July 6, 1987, as, *inter alia,* directed that the defendants Suburban Ventures, Inc., and Joseph Garber receive surplus moneys in the amount of $19,028.40 and $9,702 respectively.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Suburban Ventures, Inc.

A review of the record reveals that certified copies of the mortgage in favor of the defendant Suburban Ventures, Inc., and the assignment of the mortgage in favor of the defendant Garber were admitted in evidence without objection by the defendant Berner. In the absence of a timely objection, the documents offered are presumed to have been unobjectionable, and any alleged error in their admission is deemed to have been waived *(see, Horton v Smith,* 51 NY2d 798, 799; *Matter of Giacalone,* 143 AD2d 749; *Sanchez v Kato, Inc.,* 115 AD2d 646; *Rubio v Reilly,* 44 AD2d 592; CPLR 4017, 5501 [a] [3]).

In any event, even if the claim of error with regard to the admission of the mortgage and assignment had been preserved for our review, we would have found that the evidence submitted at the hearing was sufficient to establish the validity of the prior debts owed to the defendants Suburban Ventures, Inc., and Garber so as to sustain the priorities set forth in the order under review *(see, Keahon v Spinelli,* 135 AD2d 503; *Snyder v Potter,* 134 AD2d 664; *Isaacson v Karpe,* 84 AD2d 868). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.