■ In the Matter of the Estate of MAX SLOANE, Deceased. (Proceeding No. 1.) In the Matter of the Estate of JENNIE SLOANE, Deceased. (Proceeding No. 2.) LEON J. SLOANE, as Primary Executor of MAX SLOANE and JENNIE SLOANE, Deceased, Respondent; MARTIN E. SLOANE, Appellant. [641 NYS2d 17] —Decrees, Surrogate's Court, Nassau County (C. Raymond Radigan, S.), entered on or about February 1, 1995, which settled the account of the preliminary executor and discharged him from any and all liability or accountability, unanimously affirmed, without costs.

The preliminary executor, son of the deceased parties, sufficiently met his burden of coming forward with evidence demonstrating that his father was mentally competent to understand the choice he was making in establishing a joint account with him, and the record contains no evidence of coercion or undue influence (*see, Matter of Camarda*, 63 AD2d 837; *Matter of Ricisak*, 2 Misc 2d 717; *Matter of Donleavy*, 41 Misc 2d 28, 30-31). There was also clear and convincing evidence of an inter vivos gift by the preliminary executor's mother of her moiety interest in the joint Chemical Bank account (*see, Matter of Giacalone*, 143 AD2d 749; *Matter of McCarthy*, 164 Misc 719, 722-723, *affd* 254 App Div 827), as delivery of the checks representing the balance of the funds in the account was made at her request and in her presence. Persons interested in the transaction were competent to testify pursuant to CPLR 4519

(*see*, *Matter of Davis*, 128 Misc 622, *affd* 222 App Div 846), and were not disqualified from testifying by virtue of their relationship, which goes to the weight of their testimony and not its admissibility (*see*, *Matter of Deyoe*, 227 NY 350; *Matter of Kiley*, 197 Misc 36; *see also*, *Matter of Giacalone, supra*). Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.